CITY OF KEY WEST v. BAER.

(Circuit Court of Appeals, Fifth Circuit. January 29, 1895.)

No. 323.

1. PRACTICE—RULINGS IN THE PROGRESS OF THE TRIAL—REV. ST. §§ 649, 700.
    The expression "rulings of the court in the cause in the progress of the trial," contained in Rev. St. § 700, refers only to rulings upon the admission or rejection of evidence; and where a case is submitted to the court, without a jury, pursuant to section 649, and the court chooses to find generally, the losing party has no redress, except for errors occurring in such rulings.

2. SAME—SPECIAL FINDINGS.
    The court to which a case is submitted, without a jury, cannot be required to find special issues of fact.

3. SAME—FORM OF BILL OF EXCEPTIONS.
    A document embracing all the testimony submitted by the parties upon the trial of a case, set out in the order of its introduction, without special relation to any of the exceptions taken, and not freed from matter which is not essential to explain and point to such exceptions, is not a proper bill of exceptions.

4. CONTRACTS FOR STREET WORK—CONSTRUCTION.
    A contractor sued the city of Key West for breach of a contract for grading, paving, etc., of streets and sidewalks, alleging that it violated the same, and wrongfully stopped the work before completion. The contract provided for monthly payments, "on estimates made by the engineer of materials furnished on the ground, and work done, 20 per cent. being reserved until the final estimate is made." *Held*, that this required the city to pay, monthly, 80 per cent. of the value of material furnished on the ground, as well as of the work done, and that by "material on the ground" was meant all such suitable material in reasonable quantities as the contractor had procured from abroad, and placed in Key West, at a suitable point, to be used as needed. Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of Florida.

This was an action by George J. Baer against the city of Key West to recover damages for the breach of a contract for the grading, paving, etc., of streets and sidewalks. The case was submitted by consent to the court, without a jury. The court found generally for the defendant, and entered judgment in his favor. Plaintiff excepted to the ruling, and brings error to review the judgment.

The contract contained the following provision:

"Payment will be made monthly, on estimates made by the engineer of material furnished on the ground, and work done; twenty per cent. of such estimates being reserved until the final estimate is made. When all the work embraced in this contract is fully completed, agreeable to the specifications and stipulations of this agreement, and accepted by the engineer, said engineer shall cause a final estimate to be made of the amount and value of said work, according to the terms and prices of this agreement."

W. A. Blount, for plaintiff in error.

H. Bisbee and C. D. Rinehart, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

McCORMICK, Circuit Judge. The parties to this action filed in the circuit court a stipulation in writing waiving a jury. On the trial there were rulings on demurrers to the pleadings, and on objections touching the introduction of testimony. After the submission of evidence was completed, the defendant requested the judge to approve or disapprove of a list of propositions of law, embracing 38 propositions, duly numbered, "as being applicable to the points of this cause to which they respectively relate." In actions at law tried, as this was, on a written stipulation waiving a jury, "the rulings of the court in the cause in the progress of the trial, when excepted to at the time, may be reviewed * * * upon a writ of error, * * * provided the rulings be duly presented by a bill of exceptions. When the finding is special the review may also extend to the determination of the sufficiency of the facts found to support the judgment." Rev. St. § 700.

In Norris v. Jackson, 9 Wall. 125, the supreme court put special emphasis on the words "in the progress of the trial," and declare that in such cases a bill of exceptions cannot be used to bring up the whole testimony for review, any more than in a trial by jury. The case of Norris v. Jackson was decided at the December term, 1869, of the supreme court. At its next term, the proper practice, under section 4 of the act of 1865 (now, re-enacted, section 700 of the Revised Statutes), was fully discussed and substantially restated as announced in Norris v. Jackson; and, bearing on the question we are now considering, the court use this language:

"Suppose the facts proved to have been as assumed by the defendants in their requests, then it might well be conceded that the judgment was for the wrong party; but the issues of fact were tried and determined by the circuit court, and the act of congress provides that the finding of a circuit court in such cases shall have the same effect as the verdict of a jury, and the consti-

tution provides that no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law. * * * Matters of fact found by the circuit court under such a submission cannot be re-examined here, * * * as the review, when the finding is general, is confined to the rulings of the court in the progress of the trial; and, even when the finding is special, nothing else is open to review except the inquiry whether the facts found are sufficient to support the judgment." Miller v. Insurance Co., 12 Wall. 285.

And at the next succeeding term the supreme court use this language:

"Had there been a jury, the defendant might have called upon the court for instructions, and thus raised the questions of law which he deemed material. Or, had the law which authorizes the waiver of a jury allowed the parties to require a special finding of the facts, then the legal questions could have been raised and presented here upon such findings as upon a special verdict. But, as the law stands, if a jury is waived, and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence." Dirst v. Morris, 14 Wall. 484.

Two years later this subject was again before the supreme court, and, in the course of an elaborate discussion and restatement of the rules theretofore announced after the passage of the statute now in force, the court use this language:

"None of these rules are new, as they were established by numerous decisions of this court before the act of congress in question was enacted." Insurance Co. v. Folsom, 18 Wall. 237.

In another similar case, decided at the same term (October term, 1873), the defendant in the action in the circuit court, after both parties had submitted their evidence, requested the circuit court to decide substantially (1) that the alleged contract, inasmuch as war existed at the time between the United States and the Confederate States, was illegal and void; (2) that the alleged contract, if not actually void, was an executory agreement, and, as such, was terminated by the war; (3) that the alleged contract, if otherwise valid, was too indefinite to be executed; (4) that no interest is recoverable during the war, or any portion of the war, upon a contract between alien enemies; (5) that, upon the whole case, judgment should be for the defendant. But the circuit court refused to so decide, and ruled against the defendant upon each of the propositions, and the defendant excepted to the ruling. On the questions thus presented, the supreme court say:

"Beyond all doubt, the only effect of the exception to the refusal of the court to grant the fifth request, if the exception is admitted to be well taken, will be to require the court here to review the finding of the circuit court in a case where the finding is general, and where it is unaccompanied by any authorized statement of the facts, which it is plain this court cannot do, for the reasons given in the opinion of the court in the case of Insurance Co. v. Folsom, decided at the present term [18 Wall. 237]. Our decision in that case was that in a case where issues of fact are submitted to the circuit court, and the finding is general, nothing is open to review by the losing party under a writ of error except the rulings of the circuit court in the progress of the trial, and that the phrase 'rulings of the court in the progress of the trial' does not include the general finding of the circuit court, nor the conclusions of the circuit court embodied in such general finding, which certainly disposes of the exceptions to the refusals of the circuit court to decide and rule as requested in the first four prayers presented by the defendant, as it is

clear that those exceptions seek to review certain conclusions of the circuit court which are necessarily embodied in the general finding of the circuit court." Cooper v. Omohundro, 19 Wall. 65.

Again, two years later, the supreme court say:

"Matters of fact in such cases are not reviewable here under any circumstances, as appears by all the cases decided by this court, since the act was passed allowing parties to waive a jury, and to submit the law and fact to the determination of the circuit court. Consequently, it is irregular to report the evidence in the transcript, except so far as it may be necessary to explain the legal questions reserved, as to the rulings of the court in the progress of the trial; nor is either party entitled to a bill of exceptions as to any special finding of the court, for the plain reason that the special findings of the circuit court in such a case are not the proper subject of exceptions nor of review in this court." Tyng v. Grinnell, 92 U. S. 467.

"Prior to the enactment of the act of March 3, 1865 (now sections 649 and 700, Rev. St.), it was held by the supreme court that, 'when the case is submitted to the judge to find the facts without the intervention of a jury, he acts as a referee by consent of the parties, and no bill of exception will lie to his reception or rejection of testimony, nor to his judgment on the law' (Weems v. George, 13 How. 190); and that 'no exception can be taken where there is no jury, and where the question of law is decided in delivering the final judgment of the court' (U. S. v. King, 7 How. 832–853). Section 4 of the act of March 3, 1865, was passed to allow the parties, where, a jury being waived, the cause was tried by the court, a review of such rulings of the court, in the progress of the trial, as were excepted to at the time, and duly presented by bill of exceptions, and also a review of the judgment of the court upon the question whether the facts specially found by the court were sufficient to support its judgment. In other respects the old law remained unchanged." Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321.

After a careful examination of the cases from which the language of this opinion thus far has been substantially, when not literally, taken, and of numerous other cases decided by the supreme court cited in the opinions from which we have constructed our argument, it seems clear to us that the language "in the progress of the trial," emphasized by Mr. Justice Miller in Norris v. Jackson, supra, must have application to the wrongful admission or rejection of evidence; that is, in the progress of the trial that would have had place before the jury had not the parties waived a jury. Questions arising on the settling of the pleadings are subject to review, but not by reason of the terms of section 700, because that section only saves for review such rulings "as are duly presented by a bill of exceptions." Rulings on the pleadings necessarily appear on the record without a bill of exceptions. If the party ruled against chooses to except thereto, he should do so at the time the ruling is made, and his exception should be noted in the minute that records the ruling. The words "in the progress of the trial" are clearly shown by the last clause of the section to have no relation to the findings of the court, for which express and exclusive provision is made by the words: "And, when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment." Besides the evident absurdity of having the trial judge charge himself, or the even more incongruous attitude of having the counsel charge the court, the vital objection to the construction contended for is that its practical effect must be to force on the attention of the mind of the trial court special issues of fact,

so as to require special findings, when the clear voice of the statute and of sound principle calls for the exercise by that court of the discretion to determine in each case whether the findings shall be special or general; and the immediate ultimate logical result must be the conversion of every such trial at law into a hearing in equity, and the writ of error on such judgments at law into an appeal, conferring on the court of errors the office of examining into the findings of fact, contrary to the statute, the constitution, and time-honored practice.    Without anticipating the suggestions that must occur to every impartial lawyer who considers the subject in the light of the adjudged cases, we conclude that as the law stands, if a jury is waived, and the court chooses to find generally for the one side or the other, the losing party has no redress on error for errors occurring in the progress of the trial except for the wrongful admission or rejection of evidence; that the court cannot be required to find special issues of fact, and, where the court chooses to find specially, the only question on such findings subject to review on error is "the sufficiency of the facts found to support the judgment."

A distinct assignment of error is based on the refusal of each of the propositions of law presented by the defendant at the close of the evidence for the approval or disapproval of the court, "as being applicable to the points of this cause to which they respectively relate."    These assignments are numbered 49 to 86, inclusive.    If the trial had been before a jury, and this list of 38 distinct propositions had been presented together as special requests for charges to be given the jury, the refusal to give them could not be held to be error, unless each one of them was proper to be given as asked, and not included in the court's general charge.    Now, the plaintiff in error being judge, 16 of these 38 propositions should have been refused, for it has in this court abandoned the assignments based on their refusal.    The law involved in the rulings on the settling of the pleadings, and on the admission or rejection of evidence over objections, and in the judgment on special findings when the findings of fact are special, must necessarily embrace all the unmixed questions of law that arise in the case; and it would be difficult, if not impossible, to press further without confusing and misleading the mind of the trial judge in the exercise of those functions of the jury which the law and the action of the parties have cast on him.    Instead of affording relief in the trial of actions at law, in which it is so often difficult to draw the line between questions of law and questions of fact, such a construction as that contended for would aggravate the difficulties of the trial to an extent that would force trial judges to refuse to try and determine actions at law without a jury.    If the construction contended for by the plaintiff in error was as clearly sound as we consider it clearly bad, the rulings complained of cannot be reviewed, unless they not only were excepted to at the time, but are also "duly presented by a bill of exceptions."

There is in the transcript before us what was proposed to the circuit court by the plaintiff in error as its bill of exceptions to the opinions and decisions of the judge.    It covers 310 pages of the printed record.    It opens with this paragraph:

"And after the expiration of said term, to wit, on the 18th day of July, in the year of our Lord one thousand eight hundred and ninety-four, by virtue of a special order to that effect made, the said defendant made up and tendered its bill of exceptions, which were settled and signed by the judge, and ordered to be made a part of the record, which said bill of exceptions is in the words and figures following, to wit."

Then follow copies of different writings offered in evidence, the depositions of all the witnesses whose testimony was admitted, the propositions of law submitted for approval or disapproval, exceptions to certain questions and answers, and a note that the party excepted to the ruling thereon, and a note of such exception to the ruling on each of the propositions of law tendered, concluding on the 374th page of the printed record with these words:

"Propose this its,bill of exceptions to the said opinions and decisions of the said judge, and request him to sign the same, according to the form of the statute in such case made and provided, which is done, this 16th day of July, A. D. 1894.                                                                Aleck Boarman,
"Judge of the Circuit Court of the United States, in and for the Southern District of Florida."

It purports to embrace all of the testimony submitted by the parties. It all appears to be set out in the order of its introduction, without any special local relation to any of the exceptions on which the 87 assignments of error claim to repose. We will not tax our time and the patience of the reader by repeating the reasoning we have heretofore delivered on this subject. Phosphate Co. v. Cummer, 9 C. C. A. 279, 60 Fed. 873; The Francis Wright, 105 U. S. 381; Lincoln v. Claflin, 7 Wall. 132. The document referred to cannot be taken as a bill of exceptions. We commend the authorities just cited to the consideration of counsel in this case and all other attorneys admitted or expecting to be admitted to practice at the bar of this court. We warn them that bills of exception must be prepared with reasonable reference to the well-known requirements, to receive consideration in this court. "If counsel will not heed the admonitions upon this subject, so frequently expressed by us, the judges of the circuit courts to whom the bills are presented should withhold their signatures until the bills are prepared in proper form, freed from all matter not essential to explain and point the exceptions." Lincoln v. Claflin, supra.

This much disposes of all of the 87 assignments of error except those which rest on exceptions taken to the rulings on the pleadings, and thus far we all agree. Of those not disposed of by what we have already said, only five are insisted on, and these may be reduced to one, to the effect that the court erred in sustaining the demurrer to the pleas numbered 16, 24, 26, 31, and 27, as amended. Of those pleas, the ones numbered 16, 24, 26, and 31 are founded on a construction of the contract that is the basis of the action, which a majority of this court cannot approve. The circuit court evidently construed the contract to require the plaintiff in error to pay 80 per cent. of the value of material on the ground, as well as of the work done, at the stated monthly periods at which the payments were to be made; that by material on the ground was meant all such suitable material in reasonable quantities for doing the

work as the contractor had procured from abroad, and placed in Key West, at a suitable point, to be used as needed. In this construction of the contract a majority of this court concur, and, if this is a sound construction of the contract, the pleas 16, 24, and 26 are manifestly bad, and the demurrer rightly sustained. Plea 31 is in effect a demurrer. It was properly stricken out. Plea 27, as amended, comes largely under the defendant's construction of the contract, which we do not approve, and thus falls with it. So far as it does embrace other matters, they are not well pleaded, and the demurrer was rightly sustained.

The judgment of the circuit court is affirmed.

PARDEE, Circuit Judge (dissenting). I agree with the majority of the court on the questions of practice decided; but dissent on the merits. The contract between the city of Key West and George J. Baer was a letting to the said George J. Baer of the work of grading, guttering, curbing, and constructing pavements and sidewalks and cross gutters in the city of Key West. The manner of payment was distinctly specified as follows:

"Payment will be made monthly, on estimates made by the engineer of material furnished on the ground, and work done; twenty per cent. of said estimate being reserved until the final estimate is made. When all the work embraced in this contract is fully completed, agreeable to the specifications and stipulations of this agreement, and accepted by the engineer, said engineer shall cause a final estimate to be made of the amount and value of said work, according to the terms and prices of this agreement."

This contract was construed in the court below so as to hold the city of Key West liable as purchaser for all the material the contractor, Baer, saw fit to furnish on the ground, and this construction is approved by a majority of this court; and the result is that, in a suit for damages for breach of a contract on the part of a municipal corporation for completed work, the city is made liable, not only for all the completed work, all the profits that the contractor would have made on brick gutters and crossings, on curbing unset, and on excavations that were not made, but also for a lot of brick and curbing material furnished on the ground, which was never delivered to or accepted by the corporation. Further than this, interest is given, as additional damages, on the prospective profits and price of material from judicial demand. If it is conceded that the contract between the city of Key West and the appellee, Baer, was so violated and broken by the city as to give Baer an action for damages, then, under suitable allegations, the appellee, Baer, should have been permitted to recover the amount of profit which he would have made if he had been allowed to complete the contract; the same to be arrived at by taking the difference between the cost of doing the work and what he (Baer) was to receive for it, making a reasonable deduction for the less time engaged, and for the release from the care, trouble, risk, and responsibility attending the full execution of the contract; and neither the contract nor the circumstances of the case warranted adding to such damages the cost of material which the contractor had provided for the performance of the work, but which was un-

used. If, by reason of the contract, the contractor had supplied himself with material for the construction of the work,—which construction, by the fault of the city, he was not allowed to make,—and such material had depreciated in value, or, by reason of its being placed in a suitable position for use in the work, was not worth its market value, such damages could be undoubtedly recovered if sued for and proved. But no such damages were alleged or attempted to be proved; on the contrary, the suit, so far as material is concerned, is one for the price against the city of Key West, as a purchaser of the same.

In my judgment, the contract was erroneously construed in the circuit court. What in the contract was expressly declared to be manner of payment only, and which clearly meant no more than that the city of Key West, for the perfected work, should advance, from time to time, pending the completion, such portions of the contract price as the work completed and the material on the ground would justify, was construed in the circuit court to obligate the city not only to pay for completed work, but also to purchase such material as the contractor should furnish on the ground for the purposes of the contract. The issue was distinctly made in the court below by the sixteenth plea, as follows: "That said curbing was not, and never had been, put by the plaintiff into the work contracted for by him;" by the twenty-fourth plea, as follows: "That said bricks were not, and never had been, put by the plaintiff into the work contracted for by him;" and by the twenty-sixth plea, as follows: "That all of the bricks were, shortly after the making of the contract between the plaintiff and defendant, brought by sea to the city of Key West, and placed upon a dock, not under the control of the defendant, and several hundred yards from the nearest place on the streets, to be worked on by the plaintiff, as set forth in the declaration; and that the said bricks, except some sold by the plaintiff, have remained upon said wharf until the present day, and no delivery thereof has ever been accepted by the defendant." These pleas were demurred to by the plaintiff in the court below, and the demurrers were sustained.

In my opinion, the judgment of the circuit court should be reversed, and a new trial ordered.