SONNENTHEIL v. CHRISTIAN MOERLEIN BREWING CO. et al.

(Circuit Court of Appeals, Fifth Circuit. June 9, 1896.)

No. 472.

1. PRACTICE—INSTRUCTIONS TO JURY.
    A party cannot, in requesting a direction of a verdict in his favor, require the court to pass upon specific questions of fact raised upon the trial, and thereby, in effect, to make special findings of fact.

2. ASSIGNMENTS FOR CREDITORS—RIGHTS OF TRUSTEE—LAW OF TEXAS.
    In an action brought by the trustee in a deed of trust for the benefit of creditors, executed in Texas, against an attaching creditor, for the conversion of the property conveyed by such deed of trust, an instruction that if, before the attachment, any creditor, without notice of any fraud by the assignors, had accepted the deed of trust, the trustee was entitled to recover the whole value of the property converted, is not open to any objection or complaint by the trustee.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

A. H. Willie, A. R. Campbell, Leo. N. Levi, and J. Z. H. Scott, for plaintiff in error.

F. Chas. Hume, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

McCORMICK, Circuit Judge. This case is brought to us on writ of error to the circuit court for the Eastern district of Texas. The statement of the evidence embraced in the bill of exceptions covers 169 full octavo pages of the printed record, the general charge of the court covers 9 pages of the same printed record, and the assignment of errors covers more than 20 pages. The distinguished gentlemen who appear as counsel for the parties have filed printed

briefs of their respective propositions, authorities, statements of the evidence, and argument thereon, admirably condensed and able, covering, the one 54 pages, and the other 55 pages. The respective counsel have also been fully heard in oral argument. From all of which it clearly appears that the only alleged error in the trial in the circuit court of which the plaintiff now complains is the failure of the trial judge to direct the jury to find for the plaintiff, and to leave the jury only the matter of assessing the damages. On this point the plaintiff requested the court to charge as follows:

"The deed of trust in question in this case is valid upon its face, and the debts secured therein are shown to have been at the time of its execution the bona fide debts of the makers, Freiberg, Klein & Co. It has been further shown that some of the creditors named therein accepted said deed before the levy of the attachment of the Moerlein Brewing Company, and it has not been shown that at the time of such acceptance such creditors had knowledge of any fraudulent intent in the making of such deed, or had any cause to suspect that the same was made with fraudulent intent. It has been further shown that the goods in question were seized by the United States marshal under an attachment sued out by the Christian Moerlein Brewing Company against Freiberg, Klein & Co.,—said seizure having been directed by said brewing company,—and that said marshal took the goods from the plaintiff, who was at the time lawfully in possession of them under said deed, and converted them to the use of said brewing company. You are therefore instructed to find a verdict for the plaintiff against the defendants for the value of said goods at the time and place of such seizure, with interest thereon at the rate of six per cent. per annum from the date of such seizure to the date of your verdict. Their cost in a distant market, together with the cost of transportation to Galveston, is not the measure of the value of the goods and property seized. Neither is the amount they may have been sold for at public auction. The true measure is what the goods would have sold for at wholesale at the place of seizure, at the very time of the seizure."

There was no error in refusing this request. It asks much more than the giving of the general charge. We have had occasion, in several cases, to notice and disapprove the practice of attempting, by a request for the general charge, to practically convert severely contested actions at law into suits in equity, and thus force on the judge of the circuit court the work of trying complicated issues of fact without the aid of a master, or that opportunity for time to consider which a hearing in equity affords; resulting, when judgment goes against them, in their bringing up all the evidence, in its amplest detail, to this court, as if the case was here on appeal. If, by stipulation, a jury had been waived, and the trial had proceeded before the judge alone, neither party could have demanded or rightly asked the judge to make special findings of fact. City of Key West v. Baer, 13 C. C. A. 572, 66 Fed. 440. This request not only asks the court to make at least five special findings of fact, but that the findings shall be in favor of the plaintiff. It may have been the duty of the court to instruct the jury as to the legal effect of the written instrument relied on in the case as a deed of trust, if the court had not already instructed the jury on that subject as follows:

"I have inspected this deed of trust, and my opinion is that, upon its face, it is a legal instrument; that, upon the execution and delivery of that instrument to Mr. Sonnentheil, that it vested the title in Mr. Sonnentheil,—the title therein named,—for the purposes therein named."

As a request for a charge as to the measure of damages, it was rightly refused, because it was fully embraced in the general charge, in terms of which the plaintiff could not and does not complain, to illustrate which we quote from the general charge, as follows:

"Where an attachment is levied upon property that has been placed in the hands of a trustee, if no creditor has accepted before the attachment is levied the trustee cannot recover; but, if any creditor has accepted the terms of that instrument before the attachment has been levied, the trustee can recover, unless defeated upon the ground of fraud. What I mean by that is this: This matter has been argued before you, and ably upon both sides,—well presented by the attorneys for the parties on both sides. The contention has been that, even if some one creditor did accept, that the trustee could recover only to the extent of the debt thus accepted. The other party has contended that that was not the law; we being in a court of law, that you could not marshal assets, and have an adjustment of the equities; that consequently it was legal or illegal. I agree with the latter contention. I hold, as a matter of law, that if you find, as a matter of fact, that if any creditor accepted the terms of this instrument before the levy of the attachment, and you do not find that debt to be infected with fraud, as I shall hereafter instruct you, in that event you are instructed the entire property named in this deed passed to the trustee, and for this action he may recover for whatever it may be shown the property was worth at the time and place it was taken. * * * I mean, if you believe from the evidence that there is a single excepting creditor that had accepted the deed of trust before the attachment was levied, and that said creditor was not aware of any fraud upon the part of Freiberg, Klein & Co., and was not in the possession of facts that would have put a reasonably prudent person upon inquiry, you will find a verdict for the plaintiffs for the value of the goods on the 23d day of December, 1892, in Galveston, Texas, with interest at the rate of 6 per cent. per annum from that date until now."

We express no opinion as to the instructions just quoted, further than to say, as we have above said, that the plaintiff does not and cannot complain of them. Our conclusion on the case is that the plaintiff does not suggest and now urge any error in the rulings of the circuit court for which its judgment should be reversed, and it is therefore affirmed.