KERR et al. v. BAER et al. BAER et al. v. KERR et al. BISBEE et al. v. SAME. (Circuit Court of Appeals, Fifth Circuit. May 28, 1901.) No. 1,029. Appeals from the Circuit Court of the United States for the Southern District of Florida. R. H. Liggett and Chas. A. Murphey, for Kerr and others. J. N. Stripling, for Kerr. H. Bisbee, for Baer and others. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. From our examination of the voluminous record in this case we conclude that from September, 1890, the original complainants, John J. Philbrick, William R. Kerr, and G. W. Allen, and the defendant George J. Baer, were jointly and financially interested in the municipal work then contemplated, and thereafter, on October 3, 1890, contracted for, in the city of Key West; that the relations, rights, and duties of the several parties are set forth and defined in the written agreement made the 19th day of January, 1891; that under the contract, in the nature of a partnership, all the parties were interested in all amounts expended, paid, earned, or recovered under or on account of the contract of October 3, 1890; and that the said Kerr and Allen and the assignees of the estate of John J. Philbrick, all present complainants, are entitled to an accounting to and with the said George J. Baer, and to the recovery of the advances made and of their share of the profits earned and damages recovered in and growing out of the said improvement contract with the city of Key West. As the interest from September, 1890, is admitted by the defendants' pleading of December 12, 1900, and the action and recovery in City of Key West v. Baer, 13 C. C. A. 572, 66 Fed. 440, were for work done and materials furnished, as well as for profits, a review of the evidence showing the correctness of these conclusions is unnecessary. We further find that, under the actual facts in the case and under the original bill filed, the circuit court acquired jurisdiction of the parties and of the case in equity existing between them, and that although many of the subsequent proceedings in the circuit court are not in accordance with the equity rules, and are in many respects subject to criticism, yet the circuit court never lost jurisdiction of the case nor of its right to perfect the pleadings and to proceed to a final decree determining and adjusting the equitable rights of the parties. A consideration of the several assignments of error and the evidence pertaining thereto satisfies us that the master's report, on which the decree appealed from is based, was and is so far erroneous that the decree must be reversed. Reaching this conclusion, we might remand the cause, with instructions to order a new reference, and a report in accordance with certain directions, and correcting the errors complained of; but as the case has been well briefed, and from the record itself we are able to correct and amend the master's report, a final decree may be now rendered putting an end to this protracted litigation. As we state the account, the reasons for all the items entered is sufficiently apparent, except, perhaps, as to the item allowed complainants as an advance for payment to Hamilton for brick. The master allowed the sum of $10,100, which was the amount due on the brick contract, as claimed by Hamilton. It was not, however, the amount actually due to Hamilton for the brick. The brick had been sold with a guaranty, and after delivery in Key West 35 per cent. were rejected, in the suit of City of Key West v. Baer, as not of contract quality, and the loss for this rejected brick should have fallen on Hamilton. While Philbrick and Kerr were guarantors on the obligation given to Hamilton, yet Baer was the manager, and Philbrick and Kerr had no right to pay more than was due at the expense of the joint account. We correct and amend the master's report and account as follows:

The master reports as the balance found to be in Baer's hands.. $53,397 21
This amount should be corrected by first deducting $2,000, which
    all agreed was for Baer's homestead........................      2,000 00

    .Which leaves......................................... $51,397 21 ·
And should further be corrected in the matter of inter-
    est on his unpaid salary, the correct amount of
    which is.................................... $ 5,224 26
The master allowed.............................    4,630 60

Error to Baer's prejudice, the difference.......................      593 66

    Which leaves......................................... $50.803 55
And this should be further reduced by the interest we find due to
    Baer on advances made by him............................      3,438 34

    Leaving in Baer's hands................................. $47,365 21
The complainants' unpaid advances are reported by
    the master to be.............................. $25,368 00
.This is incorrect, because—First, must be
    deducted therefrom the advance on Baer's
    homestead ............................ $2,000 00
Second, the difference between $10,100 and
    $3,865.73, overpaid Hamilton for brick, to
    wit ...............................    6,234 27
                                          8,234 27

    Complainants' actual advances.......................    17,133 73

Which deducted from the balance in Baer's hands leaves actual
    profits as the business was conducted...................... $30,231 48
If the complainants had made the advances they agreed, the
    following sums paid in interest would not have been lost to the
    fund, to wit:
Interest paid Walker & Kendrick and Woodward..... $ 6,352 92
Interest to Baer on salary........................   5,224 26
Interest to Baer on advances made by him...........   3,438 34
Interest due Bisbee to June 7, '99....................   7,359 94
Interest paid Brown...............................     500 00

Making as profits that should have been, but for com-
    plainants' default in advances.............................   22,875 46

    Which added to above................................. $53,106 94
One-fourth of this amount, $13,276.72, should be al-
    lowed Baer as his profits, which deducted from
    $30,231.48, profits actually made, leaves for com-
    plainants ...................................... $16,954 76
To which add advances.............................   17,133 73

    Leaves due the complainants........................... $34,088 49

And thereon it is ordered and decreed that the complainants do have and
recover for their own use from the defendant George J. Baer, for advances
and profits under the contract, the sum of $34,088.49; and, it appearing that
there is due from said partnership several sums to intervening petitioners
incurred on joint account and not yet paid out of the assets, but for which
Baer has had credit and now owes, to wit: Horatio Bisbee, for services and
interest, $9,136.42; Morgan Bisbee, for services, $350; and Rowland Wood-
ward, for services, $500,—amounting to $9,986.42, it is further ordered and
decreed that the complainants, for the use of said intervening petitioners,
have and recover from George J. Baer said sum of $9,986.42, with interest
from the 29th day of December, 1900; and it further appearing that there is
on deposit the sum of $45,000 to secure and answer any decree that may be

made herein on behalf of the complainants, it is ordered and decreed that from said sum of $45,000 there be paid the aforesaid amounts decreed in favor of complainants and interveners, to wit, $34,088.49 and $9,986.42, the latter with interest as aforesaid, and that any balance of said $45,000 remaining after paying the above, and after paying his one-fourth share of the costs decreed in this case, be paid over to said George J. Baer, defendant. It is further decreed that as to complainants' claim for $2,000 advanced said George J. Baer, but rejected herein, this decree shall not bar or prejudice any action at law hereafter brought to recover the same. It is further decreed that the costs of this court on all three appeals involved, and of the circuit court, be paid three-fourths by the complainants and one-fourth by George J. Baer, and, further, that the costs of the circuit court may be retaxed, and on such retaxing the registry fee shall be taxed only on moneys actually received and paid out, and no special fees for entries in a progress docket shall be taxed. And this cause is remanded to the circuit court, with instructions to annul and vacate the decree entered December 29, 1900, and to enter and execute the decree as herein rendered.