UNITED STATES, for Use of T. H. KESSLER & CO., v. TITLE GUARANTY & SURETY CO.†

(Circuit Court of Appeals, Fifth Circuit. December 4, 1914.)

No. 2626.

APPEAL AND ERROR (§ 1010*)—FINDINGS—REVIEW.

   Where, in an action on a federal contractor's bond, there was evidence to support a finding that the action was not instituted within a year from the date of final settlement between the contractor and the government, as required by Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), which was a fatal defect, the finding was conclusive on writ of error.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. § 1010.*]

In Error to the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Action by the United States, for the use of T. H. Kessler & Co., against the Title Guaranty & Surety Company, in which Joseph Netzer and others intervened. Judgment for defendant, and the use plaintiffs and interveners bring error. Affirmed.

Samuel B. Dabney, of Houston, Tex., for plaintiffs in error.

Charles C. McRae and Lewis R. Bryan, both of Houston, Tex., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

PER CURIAM. This is an action brought against the defendant in error as surety on a certain bond dated July 14, 1905, given in conformity to the act of Congress of February 24, 1905 (33 Statutes at Large, c. 778, p. 811), for the performance of a contract for the erection of certain public buildings in Laredo, Tex., for which said Kessler

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 5, 1915.

& Co. furnished material used in the prosecution of the work. Suit was filed in the court below the 14th day of September, 1909, followed by a first amended original petition filed July 2, 1911, and thereafter by other pleadings not necessary to specify. After issue joined a jury was waived by stipulation in writing.

The record shows no reversible error in the rulings of the judge as to the admission or rejection of evidence. On submission of the case general and specific findings were made as to various issues presented by the pleadings and the evidence, and in conclusion the court specifically found as follows:

"(6) That the date of final settlement between the United States and the General Supply & Construction Company was on or about the 5th day of August, 1909, and that, as neither the plaintiff herein, T. H. Kessler & Co., nor any of the interveners herein, Joseph Netzer, Oscar Staben, and John O. Buenz, filed their suits against the Title Guaranty & Surety Company within one year from said date of final settlement as aforesaid, they are thereby precluded under the act of Congress of February 24, 1905, from recovering in this action, because their said suits were not begun within the time limited as provided in said act"

—and thereupon entered judgment that the plaintiffs and interveners take nothing in the suit and that the Title Guaranty & Surety Company go hence without day.

The record shows that there was evidence tending to support the finding above made, and the same is conclusive in this court. See St. Louis v. Rutz, 138 U. S. 226, 241, 11 Sup. Ct. 337, 34 L. Ed. 941; Key West v. Baer, 66 Fed. 440, 13 C. C. A. 572; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Runkle v. Burnham, 153 U. S. 216, 225, 14 Sup. Ct. 837, 38 L. Ed. 694. Under the facts as found, the case is controlled by United States ex rel. Texas Portland Cement Co. v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893.

The judgment of the District Court is affirmed, with costs.