## SMALLEY v. MILLER.

1. **Garnishment:** PROPERTY IN CONSTRUCTIVE POSSESSION OF GAR-NISHEE: LIABILITY. In order that a garnishee may be holden for property belonging to the debtor, he must have the property in his possession, so that he can surrender it, if the court so directs, in exoneration of his liability as garnishee. If he has only a right of possession, or constructive possession, he may possibly be required to make a demand for the property, but he cannot be required to commence an action to recover it; and an action to recover property, on the sole ground that the plaintiff has been garnished in a suit against the owner of it, cannot be maintained.

*Appeal from Bremer District Court.*

MONDAY, MARCH 7.

ACTION to recover possession of specific personal property. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*E. L. Smalley*, for appellant.

*A. F. Brown*, for appellee.

SEEVERS, J.—The petition states that the plaintiff, as agent of William Britt, under and by virtue of a chattel mortgage executed by L. W. Hutchinson, took possession of the per-

sonal property in controversy, and that he, on the twenty-sixth day of January, 1886, delivered the same to Priscilla Hutchinson, to be redelivered to him upon demand; that on the same day he was garnished as the supposed debtor of L. W. Hutchinson, in an action wherein William Britt was plaintiff; that he has demanded possession of said property of said Priscilla Hutchinson, and that the defendant wrongfully detains the same, under the claim that she has a chattel mortgage thereon. The petition also states that the mortgage under which the plaintiff took possession of the property was paid off and discharged after he was garnished. The plaintiff claims to recover the possession of the property on the sole ground that he is liable in the garnishment proceeding, and is entitled to such possession as a protection from personal liability therein.

It will be observed that the plaintiff was not in the actual possession of the property when he was garnished, and we do not believe that a mere right to such possession would render him liable in such proceeding. The statute provides that a garnishee " must retain possession of all property * * * then or thereafter being in his custody, or under his control." Code, § 2975. The possession and control referred to is something more than constructive possession and control. Suppose Mrs. Hutchinson had destroyed the property, or had so disposed of it that it could not be found; clearly the plaintiff would not be liable as garnishee. In order to make him responsible, he must have the property in his possession, so that he can surrender it, if the court so directs, in exoneration of his liability as garnishee. If out of possession, and he can obtain it upon demand, it will be conceded, for the purposes of this case, that he is bound to make such demand. But nothing more can be required. He cannot be required to commence an action, and incur costs and expenses, and possible hazard, in order to relieve himself from liability.

AFFIRMED.