## KIGGINS v. WOODKE.

1. **Garnishment:** UNWARRANTED JUDGMENT ON SPECIAL VERDICT. The defendant was sought to be held as garnishee on the ground that he had in his possession certain property of the principal debtor. Defendant, in the issue joined and tried, denied that he had, at or after the time of the service of the notice of garnishment upon him, any property of the principal debtor in his possession. The jury rendered a special verdict merely, but did not find that defendant ever had the property in his possession or under his control, and there was no evidence that he did at the time of the service of the notice or subsequently. *Held* that a judgment for plaintiff on the special verdict was without warrant. If the evidence showed a mere right of possession in defendant, that was not sufficient. (See *Smalley v. Miller*, 71 Iowa, 90.)

2. **Appeal:** FOUNDATION: RAISING QUESTION BELOW. Where a question is raised in the court below on a motion for judgment notwithstanding the verdict, and the motion is overruled, it need not be again raised on motion for a new trial, in order to entitle the party to an appeal.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

FILED, OCTOBER 25, 1887.

PROCEEDING in garnishment. The defendant, Woodke, was garnished upon an execution issued upon a judgment rendered in favor of the plaintiff against J. G. Baumer. Woodke answered, denying that he owed Baumer, and denying that he had any property in his possession or under his control belonging to Baumer. The plaintiff then filed a pleading controverting Woodke's answer. In it he averred that at the time Woodke was garnished he had in his possession certain hotel furniture belonging to the execution debtor. The garnishee took issue with the plaintiff. There was a trial to a jury, and verdict was rendered for the plaintiff. The defendant garnishee appeals.

*Goldsmith & Hart,* for appellant.

*Robinson & Milchrist,* for appellee.

Kiggins v. Woodke.

ADAMS, C. J.—The jury rendered a special verdict merely, and the court rendered judgment thereon for three hundred and eleven dollars, being the amount which the jury found to be the value of certain hotel furniture. The jury, however, did not find that F. Woodke ever had the property in his possession or under his control, and there is no evidence that he did at the time of the service of notice or subsequent thereto. The plaintiff's theory, as shown both in his pleading filed and by the argument of his counsel, was that Woodke made a pretended purchase of the property, but without consideration paid or agreed to be paid, and that the pretended purchase is void. But this might be conceded without rendering Woodke liable to be charged as garnishee. Woodke's mere pretended purchase without consideration did not of itself transfer the possession, nor give even a right of possession. To justify charging Woodke, it should have appeared that the property was in his possession or under his control. Woodke was a witness upon the stand, and testified that the property had remained continuously in the hotel in possession of Baumer, and the jury did not find to the contrary. If Woodke is compelled to pay the judgment rendered against him as garnishee, he must, so far as the case shows, pay it at his loss. The case comes substantially within the ruling in *Smalley v. Miller*, 71 Iowa, 90. There being nothing in the special verdict or evidence which justified charging the garnishee, we think that the court erred in rendering judgment against him.

1. GARNISHMENT: unwarranted judgment on special verdict.

REVERSED.

OPINION ON REHEARING.

[FILED, JUNE 1, 1889.]

BECK, J.—I. The petition upon which rehearing was granted complains of the foregoing opinion, and

SAME as No. 1. insists that it should have reached a different result, on the ground that the conclusion stated therein, that it does not appear that the garnishee ever had the property for which he is sought to be charged in his possession or under his control, is not in accord with the record. Counsel embody their complaints in the following proposition as to the facts shown by the record: "(1) Possession of the property is admitted by the pleadings. (2) Possession of the property is fully established by the evidence. (3) Possession of the property was conceded in the court below, and the case tried on that theory. (4) The claim that the garnishee was not in possession of the property is made for the first time in this court. (5) The motion for a new trial was not in any manner based upon the alleged want of possession. (6) The question of want of possession is not raised by the assignments of error."

II. The answer of the garnishee denies that he has in his possession, or under his control, any property of the defendant. Plaintiff files a pleading controverting the answer of the garnishee. It alleges that the garnishee, when he was served with garnishment process, and subsequent thereto, had in his possession and under his control certain specified property of defendant. The garnishee files an answer to this pleading, in which he avers that he "had at no time since the notice of garnishment was served on him any * * * property of defendant in his hands, or under his control, as stated in plaintiff's pleadings or otherwise." It is made to appear quite clearly that the garnishee denied in his pleadings that he had possession of the property.

III. We think the evidence sustains the garnishee's claim that he did not have possession of the property.

IV. The garnishee not only denied in his pleading, but in his answer to the garnishment, and in his testimony, that he had possession of the property, and upon issues thus arising the case was tried. This is a sufficient answer to the third and fourth points of plaintiff's claim above quoted.

Weitz v. The Ind. Dist. of Des Moines.

V. The court overruled a motion made by the garnishee for judgment *non obstante*, for the reason that

2. APPEAL: foundation: raising question below.

the jury did not find that the garnishee had possession of the property. The question of the garnishee's possession was thus passed upon after verdict. It was not necessary that it should be renewed in the motion for a new trial.

VI. The eleventh assignment of error is based upon the ground that the court held that the garnishee's possession of the property was found by the jury. This assignment of error does raise the question of possession of the property. These views sufficiently answer the objections urged upon the rehearing to the opinion heretofore filed in the case.                    REVERSED.

ROBINSON, J., having been of counsel in this case, took no part in its decision.