GROVES et al. v. SENTELL.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1895.)

No. 337.

1. INTEREST—FUND IN REGISTRY—BILL IN NATURE OF BILL OF INTERPLEADER.
   The complainant in a bill in the nature of a bill of interpleader cannot be required to pay interest on the fund which he deposited in court at the commencement of the suit, where he is not chargeable with any delays occurring during the litigation.

2. APPEAL—SPECIFIC DECREE—DUTY OF COURT BELOW—INTEREST.
   The supreme court, reversing a decree upon a bill in the nature of a bill of interpleader, gave specific directions as to the decree to be entered below, requiring payment to some of the parties of a stated sum, with interest, out of the fund deposited in the registry by complainant, and ordering a personal judgment against him for costs alone, although the prevailing parties had prayed a judgment against him for additional interest. *Held*, that, in view of the specific nature of the supreme court's directions, the court below had nothing to do but enter the decree ordered, and execute the same, and was bound to presume that the supreme court had passed upon all the issues; for which reason the circuit court could not order the complainant to fill up the registry by paying interest on the fund there deposited from the time of deposit to date.

3. ESTOPPEL—CONSENT TO PAYMENT OF COSTS AND FEES PENDING APPEAL.
   Voluntary consent, shown by the record, to the execution, pending an appeal, of a part of the decree which directed payment out of the fund in court, of the special master's costs, and a solicitor's fee for complainant, binds the consenting party, although the decree is afterwards wholly reversed, and the appellate court decides that these allowances were erroneous.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

This was a bill in the nature of a bill of interpleader, brought by George W. Sentell against Martha Groves, William J. Groves, and others. A decree having been entered by the circuit court, an appeal was taken to the supreme court by the said Martha and William J. Groves, and by Thomas A. Pogue, administrator of Rosetta Rhea, deceased. The supreme court reversed the decree, with specific directions to the court below (14 Sup. Ct. 898), and

from the action of that court in execution thereof the present appeal was taken by the said Martha Groves and William J. Groves.

W. S. Benedict, for appellants.

E. M. Hudson, for appellee George W. Sentell.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. The supreme court, in the opinion delivered by Mr. Justice White, saw fit to specifically prescribe the final decree to be entered in this case as follows:

"The decree is reversed, and a decree is rendered in favor of Martha Groves and William J. Groves, directing the payment out of the fund of $4,873, with interest at eight per cent. from March 5, 1884, until paid, and costs of this and the court below." Groves v. Sentell, 153 U. S. 465–486, 14 Sup. Ct. 898.

The mandate filed in the circuit court concludes as follows:

"On consideration whereof, it is now here ordered, adjudged, and decreed by this court that the decree of the said circuit court in this cause be, and the same is hereby, reversed, with costs; and that the said Martha Groves, William J. Groves, and Thomas A. Pogue, administrator of Rosetta Rhea, deceased, recover against the said George W. Sentell et al. three hundred and forty-nine dollars for their costs herein expended, and have execution therefor. And it is further ordered that this cause be, and the same is hereby, remanded to the said circuit court with directions to enter a decree directing the payment to Martha Groves and William J. Groves, out of the fund in the registry of the court, the sum of $4,873, with interest at 8 per centum per annum from March 5, 1884, until paid, with costs in that court.

                                                        "May 14, 1894.

"You therefore are hereby commanded that such execution and further proceedings be had in said cause, in conformity with the opinion and decree of this court, as, according to right and justice, and the laws of the United States, ought to be had; the said appeal notwithstanding."

In the circuit court, on filing the mandate, a decree was entered adjudging that the whole amount in the registry of the court in the case be paid to Martha Groves and William J. Groves, and, further, that George W. Sentell, Fanny B. Randolph, William B. McLean, liquidator of the partnership company of G. W. Sentell, testamentary executor of Benjamin Conyers, deceased, be condemned in solido to pay the sum of $349, costs expended in the supreme court of the United States, and the further sum of $507.50, costs in the circuit court, for which sums execution was directed.

The first assignment of error in this court is:

"That the court erred in not complying with the final decree of the supreme court, as set forth in its mandate, and the opinion upon which same was based."

The decree prescribed by the supreme court and directed to be entered in the circuit court was not a personal decree against any of the parties to the suit, except for the sum of $349, costs of the supreme court, but was a decree disposing of the fund in the registry of the court, of which alone it would seem, from the pleadings, the court had jurisdiction. As the decree of the circuit court rendered in pursuance of the mandate gave all the fund in the

registry of the court to Martha Groves and William J. Groves, it is clear that in this respect the appellants cannot complain. If the appellants desired relief beyond the fund in the registry of the court, their application should have been to the supreme court.

The second assignment of error is:

"That the court erred in limiting its decree to the sum of $5,346, now in its registry; in not ordering the amount to be at once paid on account; and in not ordering George W. Sentell to fill up the registry with a sufficient fund to satisfy the balance found due by him to Martha Groves and William J. Groves by the supreme court, with interest accrued to date, and their counsel fees."

The real proposition asserted by this assignment of error is that George W. Sentell should be required to pay into the fund interest at 8 per cent. pending the suit. According to the opinion of the supreme court, the original bill of George W. Sentell was not a strict bill of interpleader, because of an ultimate interest of Sentell in the fund in controversy; but that, as a bill in the nature of a bill of interpleader, it was allowable. The difference between a strict bill of interpleader and a bill in the nature of a bill of interpleader, so far as practice and proceedings are concerned, is that in the one the complainant is entitled of right to his costs, including solicitors' fees, while in the other—as generally in equity cases—the costs are within the discretion of the court. Willard, Eq. Jur. (Ed. 1863) p. 321. In both the fund should be paid into the court before any order is made in the case. 2 Daniell, Ch. Prac. 1563, and cases there cited. If paid into court to the full amount, no interest on the fund in the court while proceedings are pending ought to be required of the complainant, unless some fault or delay in the proceedings can be attributed to his conduct. In Spring v. Insurance Co., 8 Wheat. 270-293, the complainant in a bill of interpleader was required to pay interest on the fund pending the proceedings, because he had not paid the same into court. In Richards v. Salter, 6 Johns. Ch. 445, the complainant was excused from paying interest because he had, with all reasonable diligence, resorted to the court, and paid the money into court, after in vain calling on the defendant for indemnity. The record in this case shows that at the time the fund was paid into court the full amount, principal and interest, to wit, the sum of $4,873, with interest thereon at the rate of 8 per centum per annum from March 5, 1884, aggregating the sum of $5,743.46, was paid into court. The fault herein attributed to the complainant, George W. Sentell, as a reason for charging him with interest upon the fund while lying in the registry of the court is that, soon after the injunction restraining the Groveses and others from prosecuting their suit at law was issued, Mrs. Groves and others, through their counsel, suggesting that the funds were on deposit in the registry, and that from the showing before the court the same belonged to movers, took a rule on the complainant to show cause why the movers in the rule should not be permitted to withdraw the same on giving bond for the amount thereof, with surety to be approved by the court, without prejudice

to any of their rights in the premises; and that such rule, being submitted to the court, after argument by the parties respectively, was discharged by the court. The record does not show whether the rule was opposed by counsel for the complainant in the bill. It is stated in this court by his solicitor then and now that he did not oppose the rule, but that the same was opposed by counsel for other defendants. The rule taken was practically an informal demurrer to the bill of complaint, and as such seems to have been properly overruled. The delay caused in this respect, as well as that resulting from the appeal to the supreme court, if operating an injury, should be attributed to the action of the circuit court, for which the interpleading complainant should not be held responsible. However this may be, in our opinion the limitation of the decree as suggested in this assignment of error would have been wholly unwarranted. When the supreme court prescribed the decree to be entered in the circuit court in such specific terms as the record shows, there was nothing left for the circuit court to do in the premises but to enter the decree prescribed by the supreme court, and execute the same. As noticed above, there was no personal judgment directed against George W. Sentell, except for costs in the supreme court, although the answer of Martha Groves and William J. Groves to the bill of interpleader claimed that George W. Sentell was indebted to them in the sum of $4,873, with interest thereon at 8 per cent. per annum from March 5, 1884, until paid, and prayed the court to decree "that the fund deposited in the registry of this court is the property of these respondents, and that the same be paid to them; and they further pray that this matter be referred to a master to ascertain what further amount may be due to these respondents by complainant as interest until final payment under his contract and agreement and assumption hereinbefore set forth, and what further damages, and also what costs, are due to these respondents by said complainant." We are bound to presume that the supreme court in their decree passed upon this issue, and neither from the mandate nor from the opinion rendered by the court can we infer any intention to leave undecided any issue in the case, or in any wise refer the same to the circuit court for future disposition.

The third assignment of error is:

"That the court erred in not requiring the return to the registry of the sum of $350, taken therefrom as costs of George W. Sentell, and paid to the officers of the court as such costs pendente lite."

The record shows that the circuit court, in rendering the final decree in the case (which was reversed), adjudged that "there be allowed and paid out of the fund in the registry of the court a fee of $250 to E. M. Hudson, Esq., solicitor for the complainant, for services in filing the bill of interpleader, and conducting the proceeding therein"; and, further, "that there be paid out of the registry of the court to the master specially appointed to take the testimony and state the account the sum of $100." These sums were paid out of the registry pending the appeal. In the opinion of the supreme

court it is held that the original bill in the case was not a strict bill of interpleader, but was a bill in the nature of a bill of interpleader, and that George W. Sentell's ultimate interest prevented him from being allowed a solicitor's fee from the fund dedicated to the payment of the mortgage. As the original decree of the circuit court was wholly reversed, and as no reservation was made in the decree prescribed by the supreme court in the matter of special master's costs and solicitor's fee, we think it clear that prima facie the payment of the same out of the fund pending the appeal was a diversion of the fund in the registry of the court. But an inspection of the record shows that, after the appeal taken by Martha Groves and William J. Groves from the original decree of the circuit court, they, by their solicitor of record, consented to the execution of the decree, so far as the special master's fee and solicitor's fee were concerned. After such consent to the execution of the decree in the respect mentioned, they cannot be heard to object to the action of the circuit court in not requiring the return of the money so paid out; and we are of opinion that, if the voluntary performance of the decree appealed from in the matter of solicitor's fee had been called to the attention of the supreme court, that court would not have troubled itself to decide on the propriety of the allowance made by the circuit court.

The fourth assignment of error is:

"That the court erred, if it was without power to order the registry to be filled up with a sufficient amount to fully satisfy said mandate, in not reserving the right to Martha Groves and William J. Groves to proceed for the balance found to be due, after exhausting the registry, under and with their original action enjoined by George W. Sentell; said injunction being in effect finally quashed."

The record shows that the circuit court, on the bill of complaint, directed the defendants in such bill to show cause on June 5, 1886, why an injunction should not issue according to the prayer of the bill, and in the meantime ordered a restraining order to the same purport to be issued; but it does not show that any such rule was ever heard or otherwise disposed of, or that the restraining order was ever dissolved or perpetuated. The decree of the supreme court is silent as to any injunction or restraining order. We are therefore unable—even if otherwise it would be within our province—to express an opinion as to whether said injunction was in effect quashed. We are clear, however, that, whatever the effect on the injunction, the circuit court was in no wise called upon to enlarge or limit in favor of Martha Groves and William J. Groves the specific decree prescribed by the supreme court in the case. The decree of the circuit court is affirmed.