CHARLES YOUNG ET AL. V. WILLIAM LANE ET AL.

FILED FEBRUARY 5, 1895.    NO. 7121.

1. **Constitutional Law**: TAXATION. The constitution prohibits a county board from levying taxes which in the aggregate exceed $1.50 per $100 valuation, unless authorized so to do by a vote of the people of the county, except for the payment of indebtedness

existing at the adoption of the present constitution. *In re House Roll No. 284*, 31 Neb., 505, and *State v. Weir*, 33 Neb., 35, followed.

2. **Taxation.** Section 17, chapter 82a, Compiled Statutes, 1893, construed to be permissive only. Accordingly, *held*, that where county authorities have levied taxes, to provide for the current expenses of a certain year, to the constitutional limit, the court has no authority to control the action and discretion of such county board and compel it to reduce the amount of any levy made for county purposes and levy in lieu thereof a tax for the soldiers' relief fund.

SUBMISSION of controversy to supreme court.  There is a statement in the opinion.

*W. W. Holmes,* for plaintiffs.

*J. J. Carlin,* for defendants.

No briefs filed.

RAGAN, C.

This is a submission without action, under the provisions of section 567 of the Code of Civil Procedure, of a controversy between the members of the soldiers' relief commission of Rock county and the board of commissioners of said county, to determine whether said county board has authority to levy, in addition to a fifteen mill tax imposed by said county board for county purposes, a three-tenths of one mill tax for soldiers' relief fund.  From the agreed statement of facts it appears that the county commissioners of Rock county, on the 9th of January, 1894, made an estimate of the necessary expenses of the county for the current year, and the same was published as provided by law; that among the different items of expense so estimated and published was one for the sum of $200 for soldiers' relief fund; that on the 12th of February, 1894, the soldiers' relief commission of said county, in pursuance of the provisions of the statute, filed with the county clerk of said county a report

in writing, setting forth that the sum of $200 would be re-
quired to be levied by the county board as a soldiers' relief
fund.   On the last day of the session of the county com--
missioners, sitting as a board of equalization for the year
1894, said board made the following levies: General fund,
nine mills; bridge fund, four mills; road fund, two mills;
Brown county funding bond, one mill,—this last fund hav-
ing been authorized by a vote of Brown county before the
county of Rock was cut off therefrom.   The total amount
of the levy was $1.50 on the $100 valuation, excluding the
one mill bond fund.   The county commissioners, at the time
they made these levies, neglected and refused to make any
levy for the soldiers' relief fund.   There are two questions
presented in the case:

1. Whether the county board is authorized and required
to levy, in addition to the fifteen mill levy made to meet
the current expenses of the county, a levy of three-tenths
of one mill for the soldiers' relief fund.   Section 5, article
9, of the constitution provides that county authorities shall
never assess taxes the aggregate of which shall exceed $1.50
per $100 valuation, except for the payment of an indebted-
ness existing at the adoption of this constitution, unless au-
thorized by a vote of the people of the county.   The levy
of three-tenths of a mill tax for the soldiers' relief fund has
not been authorized by a vote of the people, and is not for
the purpose of paying an indebtedness existing at the adop-
tion of the constitution; and, therefore, the county author-
ities of Rock county have no authority to make the levy,
as the levy made has already reached the constitutional
limit. (*In re House Roll No. 284*, 31 Neb., 505 ; *State v.
Weir*, 33 Neb., 35.)

2. The second question presented by the record is whether
the county authorities of Rock county are compelled to in-
clude in the levies of taxes made for the year 1894 three-
tenths of a mill for the soldiers' relief fund.   To do this,
of course, some of the other levies would have to be re-

duced. Section 17, chapter 82a, Compiled Statutes, 1893, provides: "That the county boards of the several counties of this state are hereby authorized to levy, in addition to the taxes now levied by law, a tax not exceeding three-tenths of one mill upon the taxable property of their respective counties, * * * for the purpose of creating a fund for the relief and for funeral expenses of honorably discharged indigent Union soldiers, sailors, and marines," etc. The language of this statute is not mandatory, but permissive. If, in the judgment of the county authorities, the exigencies of the county are such that to provide for the current expenses of a certain year it is necessary to levy taxes to the constitutional limit, the court has no authority to control the action and discretion of the county board in that matter, and compel it to reduce the amount of a levy made for road, bridge, general, or other funds, and put in its place the soldiers' relief fund.

DISMISSED.