GROVES et al. v. SENTELL.

(Circuit Court of Appeals, Fifth Circuit. June 4, 1895.)

No. 383.

1. WRIT OF ERROR—REVIEW WHERE JURY IS WAIVED—PLEA OF RES JUDICATA.
> A judgment recited that the case was heard on an exception of res judicata, and that, a trial by jury being waived, the same was submitted to the court, "whereupon, considering the law and the evidence to be in favor of

the defendant and against the plaintiffs, the court finds that the exception of res judicata is sustained." And the judgment accordingly sustained the exception and dismissed the action. *Held*, that it was at least doubt-ful, in view of Rev. St. § 700, whether there was anything in this action of the court which could be reviewed on writ of error.

2. RES JUDICATA.

An action at law having been instituted to recover a sum of money, the defendant filed a bill in the nature of a bill of interpleader, deposited in court a sum of money, and obtained an injunction pendente lite against the prosecution of the action at law. The decree which was finally entered in the chancery suit was reversed by the supreme court, which gave specific directions as to the decree to be entered below, requiring payment out of the fund in court of the amount demanded in the action at law, and directing personal judgment for costs alone, although the fund was insufficient to pay full interest to date. A decree was entered accordingly in the circuit court, ordering the fund to be paid over to defendants. From this decree they took an appeal to the circuit court of appeals on the ground that it failed to order complainant to pay into court an additional amount to meet the full interest. The decree, however, was affirmed, whereupon defendants filed a supplemental petition in their action at law, asking judgment for an additional amount of interest. *Held*, that the decree in the equity suit was a complete bar to this demand.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This was an action at law by Martha Groves and William J. Groves against George W. Sentell to recover $4,873, with interest at 8 per cent. from March 5, 1884. Shortly after the institution of the action, the defendant, G. W. Sentell, filed a bill in the nature of a bill of interpleader against the plaintiffs and certain third persons, and at the same time deposited in the registry of the court $5,743.46, being the entire amount sued for in the action at law, with interest to date. Subsequently an injunction pendente lite was issued restraining defendants from prosecuting this action at law. Afterwards such proceedings were had that a decree was entered adjudging most of the fund in court to be paid to one of the other parties brought in by the bill of interpleader. From this decree an appeal was taken by Martha Groves and others to the supreme court of the United States. That court reversed the decree, and entered a decree as follows: "The decree is reversed, and a decree is rendered in favor of Martha Groves and William J. Groves, directing the payment out of the fund of $4,873, with interest at 8 per cent. from March 5, 1884, until paid, and costs of this and the court below." 153 U. S. 465, 14 Sup. Ct. 898. The decree entered in the court below pursuant to the mandate, adjudged that the whole amount in the registry should be paid to Martha Groves and William J. Groves, and that the complainant and other parties named should pay the costs. The amount in the registry was insufficient to pay the original demand with all the interest thereon to the date of the decree; and, therefore, from the decree so entered, Martha and William J. Groves took an appeal to the circuit court of appeals, assigning as error that complainant was not adjudged to fill up the registry with an amount sufficient to satisfy the balance of interest and to pay counsel fees. The circuit court of appeals held, however, affirming the decree, that, in view of the specific nature of the supreme court's directions, the circuit court could do nothing but enter the decree which had been entered, and that it must be presumed that the supreme court had passed upon all the issues, for which reason the circuit court had no power to order complainant to pay additional money into court. 66 Fed. 179.[1] The decree was accordingly ordered to be executed, which was done, and the money in the registry was paid to the Groves. Thereafter they filed a supplemental petition in their action at law, praying judgment for $3,494.60, as interest still due on the original demand. This petition was met by the defendant in that action by exceptions, which were based upon the ground that the injunction pendente lite was still pend-

[1] 13 C. C. A. 386.

ing, and, if it was not, that the decree in chancery determined all the issues in the action at law, and that the question of interest was, therefore, res judicata. A jury was waived, and the cause was heard by the court on the issue of res judicata. The court, upon consideration, sustained the exception, and entered a judgment to that effect, and dismissing the action. To review this judgment, complainants have sued out this writ of error.

W. S. Benedict, for plaintiffs in error.

E. M. Hudson, for defendant in error.

Before McCORMICK, Circuit Judge, and BRUCE, District Judge.

PER CURIAM. The errors assigned are: "(1) The court erred in maintaining the plea of res judicata herein filed to the supplemental petition of plaintiffs. (2) The court erred in rendering judgment dismissing the plaintiffs' suit." It is manifest that, if the first is not well taken, the second falls with it. The judgment sought to be reviewed is in these words:

"This cause came on to be heard on the exception of res judicata, and, a trial by jury being waived, the same was submitted to the court; whereupon, considering the law and the evidence to be in favor of the defendant and against the plaintiffs, the court finds that the exception of res judicata is sustained; and it is therefore ordered, adjudged, and decreed that the said exception of res judicata be sustained, and the plaintiffs' suit dismissed, with costs."

It is at least doubtful whether there is anything in this action of the court subject to review by an appellate court. Rev. St. § 700; Norris v. Jackson, 9 Wall. 125; Dirst v. Morris, 14 Wall. 484; Cooper v. Omohundru, 19 Wall. 65; Tyng v. Grinnell, 92 U. S. 467; City of Key West v. Baer, 13 C. C. A. 572, 66 Fed. 440. If, however, this case does not come under the authority of the cases just cited, and we are authorized and required to review the action of the circuit court sought to be reversed, an inspection of the record and of the opinion of the supreme court in Groves v. Sentell, 153 U. S. 465, 14 Sup. Ct. 898, and of this court in Groves v. Sentell, 13 C. C. A. 386, 66 Fed. 179, shows that the circuit court found correctly on the plea of res adjudicata, and the judgment is therefore affirmed.