Farris v. State.

WILLIAM D. FARRIS ET AL. V. STATE OF NEBRASKA, EX REL. JOHN MURPHY.

FILED JANUARY 21, 1896.    No. 7368.

46  857
47  797
46  857
60  707
46  857
61  857
61  858

1. **Review:** SUFFICIENCY OF PLEADINGS. In error proceedings this court will, on proper assignments of error, review a record to ascertain whether the pleadings support the judgment rendered by the district court, although there was in that court no motion for a new trial.

2. **Mandamus.** A writ of *mandamus* will not issue where it is not within the power of the respondents lawfully to perform the act sought to be enforced, or where the writ would otherwise be unavailing.

3. ———. Accordingly where an administrative board is charged with the duty of performing several acts involving expenditures, and there are no funds available sufficient to permit the performance of all, courts will not ordinarily by *mandamus* direct the board which act to perform and which to leave unperformed.

ERROR from the district court of Saunders county. Tried below before BATES, J.

*E. F. Gray,* for plaintiffs in error.

*John H. Barry* and *H. Gilkeson, contra.*

IRVINE, C.

Murphy, a resident taxpayer and parent of children of school age in school district No. 34 of Saunders county, applied to the district court for a writ of *mandamus* against the members of the district board to require them to purchase and lend to the pupils of the school the necessary text-books for the pursuance of a course of study therein. A peremptory writ of *mandamus* was allowed by the district court, and the respondents bring the case here for review by petition in error.

The relator claimed a right to the writ under chapter 46, Session Laws of 1891, entitled "An act to provide cheaper text-books and for district ownership of the same." (Session Laws, 1891, p. 334, ch. 46.) By the terms of this act, district school boards are empowered, and it is made their duty, to purchase all text-books necessary for the schools of such district, and they are authorized to enter into contracts with publishers for the purchase of such books. The details of the act are not essential to a decision of this case.

A question of practice must be disposed of before the merits of the case are reached. The case was tried in the district court on the application for the writ, and an answer and a reply thereto, and was determined upon the pleadings and upon evidence adduced. There is no bill of exceptions, nor was there filed any motion for a new trial. On this state of the record the relator contends that this court can only inquire into the case for the purpose of ascertaining whether the application stated a cause of action, while the respondents contend that all the pleadings can be examined for the purpose of ascertaining whether the judgment rendered could properly be rendered on such pleadings. We concur in the latter view. In numerous cases it has been held that rulings made on the trial of a case cannot be reviewed on error unless the record discloses that a motion for a new trial was made in the district court and a ruling obtained thereon. But it has likewise been held that where a case tried before a justice of the peace has been taken to the district court by proceedings in error, a motion for a new trial in that court is not necessary to obtain a review of its judgment here. (*Newlove v. Woodward*, 9 Neb., 502; *Leach v. Sutphen*, 11 Neb., 527; *Dreyfus v. Moline, Milburn & Stoddard Co.*, 43 Neb., 233.) In *Newlove v. Woodward* the reason is given that the matters presented to the district court were purely questions of law; and in *Leach v. Sutphen* it is said that a motion for a new trial is only

necessary where questions of fact are tried and determined. In *O'Donohue v. Hendrix*, 13 Neb., 255, it was held that a motion for a new trial is only necessary where a trial has been had, and that if the court has merely construed the pleadings, or some of them, no motion for a new trial is necessary. . The logic of this case would apply as well to a case where there was in fact a trial, but where the assignments of error relate only to matters involving a construction of the pleadings. We think the rule deducible from all the cases is that a motion for a new trial is necessary in all cases in order to obtain a review of any rulings made in the course of, or in connection with, the trial of the case. But as such a motion only calls to the attention of the court the proceedings on the trial, it is not necessary for the purpose of obtaining a review of questions not connected with the trial, but arising independently thereof. If, as has been held, the question of the sufficiency of a petition to state a cause of action may be raised at any time (*Thomas v. Franklin*, 42 Neb., 310), and if a motion for a new trial is not necessary to raise that question (*Schmid v. Schmid*, 37 Neb., 629), it is clear that such a motion is not necessary to raise the question as to whether the pleadings support the judgment rendered. We therefore deem this question open for review.

The relator argues, among other things, that the act of 1891, above referred to, is unconstitutional; but this question we do not decide, for the reason that, assuming its constitutionality, we think that under the pleadings the writ should have been denied. In the application there is a general averment that "the school district has at the present time money levied and on hand whereby said books and supplies may be purchased and paid for." The answer denies this averment, but it will be observed that the averment is not broad enough to show that there were moneys available for such purpose in excess of prior obligations of the district. The application was made Sep-

tember 17, 1894, and the answer avers specifically that of
the taxes for 1893 there remained unpaid only $6.56; that
at the annual school meeting held in June, 1894, there was
voted a tax of one mill to pay interest on bonds, all of which
would be necessary for that purpose, and also a tax of six
mills, nominally for a building fund, but intended to be
used to pay teachers, fuel bills, and incidental expenses, and
that no other tax had been voted or levied; that the as-
sessed valuation of the district was $28,860, whereunder the
six-mill tax would yield only $173.16; that the state ap-
portionment made in June, 1894, was $70.62, all of which
had been paid out; that the money in the hands of the
county treasurer to the credit of the district was $14.95;
that the money in the hands of the district treasurer
was $47.40, $30 of which had been drawn against, but not
yet paid, and that the state apportionment to be made in
June, 1895, would be $67.76; that these items constituted
the entire resources of the district, and that against such
resources the district had contracted to pay a teacher the
sum of $280; that the expense for fuel would be $68, and
for cleaning and repairs not less than $10; that no tax had
been voted or appropriation made to buy text-books, but
on the contrary a proposition to make a levy for such pur-
pose had at the annual meeting been defeated; that there
were in the district attending school fifty-five pupils, and
that to supply them with text-books would cost $2 each.
The reply denies that there were fifty-five pupils, and al-
leges that there were but thirty-two, and that it would cost
only $1 per pupil to furnish books. It also denies that
fuel would cost $68, but does not allege what it would cost.
The reply contains no other denial. It is unnecessary to
consider whether any part of the six-mill levy for building
purposes could be devoted to text-books. It is very clear
that no portion of the state apportionment could be appro-
priated to any other purpose than the payment of teachers'
wages. (Compiled Statutes, sec. 8, ch. 79, sub. 5.) In any

view of the resources of the district as disclosed by the pleadings, it is perfectly clear that there were no funds available after paying salary of teacher, fuel bills, and necessary incidentals wherewith to buy text-books. If the act of 1891 be in all respects valid, and if it be mandatory in requiring the purchase of text-books, still no writ should issue in this case. A writ of *mandamus* will not issue where it is not within the power of the respondents lawfully to comply therewith, or where it would otherwise be unavailing. Where an administrative board is confronted with the duty of performing several acts involving expenditures, and there are no funds available sufficient to permit the performance of all, some duty must be left unperformed, and ordinarily the courts will not by *mandamus* direct the board which one it shall perform and which leave unperformed. (See *Young v. Lane*, 43 Neb., 812.)

REVERSED AND REMANDED.