STATE OF NEBRASKA, EX REL. ROCK COUNTY, V. GEORGE N. SHELDON ET AL.

FILED JANUARY 3, 1898. No. 9685.

Counties: Taxes: Discretion of County Board: Mandamus. Where county authorities have levied taxes to provide for the current expenses of a certain year to the constitutional limit, courts have no authority to control the action and discretion of such county board. Following *Young v. Lane,* 43 Neb. 813.

ERROR from the district court of Rock county. Tried below before KINKAID and WESTOVER, JJ. *Affirmed.*

*J. A. Douglas,* for plaintiff in error.

*E. M. Davisson, contra.*

RYAN, C.

In the district court of Rock county there was denied a mandamus to compel the county commissioners of Brown county to levy a tax on the taxable property in Brown county of sufficient amount to pay an existing judgment in favor of the former county against the latter. This proceeding presents for review the correctness of this action of the district court.

It was stipulated that certain portions of the alternative writ and certain parts of the answer were true. Thus there were established the following facts: The judgment of which satisfaction is sought by means of the writ prayed was affirmed in the supreme court in May, 1897, and in January of said year no amount was included in the estimate of expenses for that year for the payment of said judgment, neither was there any levy for that purpose. The amount of revenue which will be realized from the taxes levied by the respondents in and for the year 1897, for ordinary expenses of Brown county, is insufficient to meet and pay the current expenses of said county for the year 1897 and also pay any part of said judgment. The assessors' books of Brown county show that the total taxable property of Brown county is $543,024. The respondents have already made a levy on said taxable property in the sum of one and one-half dollars on each hundred dollars valuation. The case of *Young v. Lane,* 43 Neb. 813, is determinative of this case, for therein it was held that where county authorities have levied taxes to provide for the current expenses of a certain year to the constitutional limit, courts have no authority to control the action and dis-

cretion of such county board. The stipulation admits the levy to this limit, which, by section 5, article 9, of the constitution of this state, is $1.50 on each $100 valuation. The judgment of the district court is therefore

AFFIRMED.