## JOHN G. WOLLAM ET AL. V. BRANDT & SHIPMAN.

FILED NOVEMBER 3, 1898.   No. 8326.

1. **Judgment:** VENDOR AND VENDEE: COVENANT OF WARRANTY. One who purchases land charged with the lien of a judgment, which is specifically excepted from the covenants of warranty contained in the deed through which he claims title, cannot insist that his grantor's chattels shall be exhausted before such land is sold for the satisfaction of an execution issued on the judgment.

2. ———: EVIDENCE: REVIEW. Where a judgment or final order results from the trial of an issue of fact, this court will not, in an error proceeding, in the absence of a motion for a new trial, examine the evidence and pass upon its sufficiency to justify the conclusion reached.

3. **Review:** JOINT ASSIGNMENT OF ERROR. A joint assignment of errors in a petition in error, made by two or more parties to an action, will be overruled unless it can be sustained as to all who join therein.

ERROR from the district court of Fillmore county. Tried below before HASTINGS, J.   *Affirmed.*

*F. B. Donisthorpe,* for plaintiffs in error.

*John D. Carson, contra.*

SULLIVAN, J.

To secure the reversal of an order of the district court of Fillmore county confirming an execution sale of real estate John G. Wollam and Robert E. Hastings prosecute error to this court.

Of the numerous errors assigned in the petition filed here only two are discussed in the brief of the counsel for the complaining parties. These are (1) that the judgment was not a lien on the land sold, and (2) that there was, subject to seizure and sale in said county, sufficient personal property of the execution defendant to satisfy the writ. Wollam has no interest in the controversy. The judgment was against him and he was, at the time it was rendered, the owner of the land, but he has since conveyed it to Hastings, excepting the judgment from the covenants of warranty contained in the deed. The right of a debtor to have his chattels applied in satisfaction of an execution against him is a personal one and has no application in this case. One who purchases land charged with the lien of a judgment, which is specially excepted from the covenants of warranty, cannot insist that such land shall be exempt from execution sale until his grantor's chattels have been first exhausted.

On the hearing of the motion for confirmation it was claimed that the land in controversy was the homestead of Wollam at the time he conveyed it to Hastings; that its value above incumbrances did not exceed $2,000; that it was not bought subject to the judgment, and that the same was not a lien thereon. These questions were submitted to the court upon conflicting evidence and were resolved against the plaintiffs in error. There being no motion for a new trial, we cannot in this proceeding review the evidence upon which the district court based its decision. Where a judgment or final order results from the trial of an issue of fact, this court, in an error proceeding, will not, in the absence of a motion for a new trial, examine the evidence and pass upon its sufficiency

to justify the conclusion reached. (*Carlow v. Aultman,* 28 Neb. 672; *Gaughran v. Crosby,* 33 Neb. 33; *Losure v. Miller,* 45 Neb. 465; *Withnell v. City of Omaha,* 37 Neb. 621; *Jones v. Hayes,* 36 Neb. 526.)

There is another reason why the order of confirmation cannot be reversed. Wollam and Hastings have filed with the record a joint petition in error. Wollam, having no interest in the litigation, has no right to be heard, and is, of course, entitled to no relief. The petition, under the holdings of this court, is indivisible, and there being no ground for sustaining it as to Wollam it must be denied as to both. (*Gordon v. Little,* 41 Neb. 250; *Small v. Sandall,* 45 Neb. 306; *Harold v. Moline, Milburn & Stoddard Co.,* 45 Neb. 618.) The order is

AFFIRMED.