STATE, EX REL. EDWARD C. JACKSON, APPELLEE, v. ROBERT WILSON, COUNTY JUDGE, ET AL., APPELLANTS.

FILED DECEMBER 14, 1909. No. 15,855.

Appeal: MOTION FOR NEW TRIAL. Where the allowance of a peremptory writ of mandamus results from the trial of an issue of fact, an overruled motion for a new trial is a necessary part of a transcript filed in the supreme court for the purpose of reversing a judgment sustained by the pleadings.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Jackson & Kelsey,* for appellants.

*J. B. Smith* and *O. A. Williams, contra.*

ROSE, J.

In this case the district court allowed a peremptory writ of mandamus to compel the county judge of Antelope county to deliver to relator as his exempt property the sum of $335 which had been garnished in the Elgin State Bank in a suit brought in the county court by Garfield Baugh to recover from Edward C. Jackson, relator herein, $285 for money had and received. The answer to the process of garnishment was that the bank owed relator $498.41. From that fund the garnishee was directed by the county judge to pay into the county court $335, and he obeyed the order. This is the fund which the county judge is required by mandamus to turn over to relator. In the petition for mandamus it is stated that

relator, when the bank was summoned as garnishee, was a resident of the state and the head of a family consisting of a wife and three children; that he was not the owner of any realty subject to exemption, or any of any kind or character; that the whole of the personal property owned by him was the sum of $498.41 on deposit in the Elgin State Bank; and that he served on the garnishee written notice and the necessary inventory and affidavit showing he claimed his bank deposits as exempt from execution, garnishment and attachment. It is also stated in the petition that, after the money had been paid into the county court in the manner described, relator again asserted his exemption rights by filing with the county judge in due form an inventory and affidavit, and by demanding possession of the fund in dispute, and that the county judge refused to turn it over to him. An alternative writ of mandamus was issued, and in his return the county judge pleaded a former adjudication in the county court that the fund garnished was not exempt under the laws of the state. Baugh intervened as a party defendant in the action for mandamus, set up the same defense as the county judge, and alleged relator was not a resident of the state; that the whole of his personal property was not included in his inventory and affidavit, and that the fund in dispute was not exempt. At the trial in the district court oral and documentary proofs were adduced on both sides of the issues as to exemption and former adjudication. There was a general finding in favor of relator, and from the order allowing the peremptory writ defendants appeal.

It is argued by defendants that the district court was without jurisdiction to issue the writ, and for that reason they insist that the judgment should be reversed. On the record presented, the position is untenable, for the reason jurisdiction was an issue of fact tried by the district court, and when the question was decided defendants filed no motion for a new trial. They pleaded a former adjudication of the question as to exemption. This was controverted by relator, and the district court tried that issue.

Defendants alleged that relator was a nonresident and that his personalty was not exempt. These issues were also tried in the proceeding for mandamus, which is an action at law. *State v. Affholder,* 44 Neb. 497. An overruled motion for a new trial is necessary where the judgment presented to the supreme court for review resulted from the trial of an issue of fact. *Wollam v. Brandt,* 56 Neb. 527. This rule is applicable to mandamus. *Marsh v. State,* 2 Neb. (Unof.) 372.

AFFIRMED.