STATE, EX REL. JOHN W. McDONALD, APPELLEE, v. J. C.
FARRINGTON ET AL., APPELLANTS.

FILED APRIL 23, 1910.   No. 15,974.

1. **Mandamus.** A mandamus proceeding in Nebraska is an action at
law.

2. **Appeal:** MOTION FOR NEW TRIAL. In an action at law the defeated
party will not be heard to complain on appeal that the judgment
is not supported by the evidence, if he does not raise that ques-
tion in the district court by a motion for a new trial.

3. ——: REMAND. Where a cause is reversed and remanded by this
court, with a direction to the district court to enter a judgment
as prayed for in the petition, the trial court has no discretion,
but must render a judgment in conformity with the mandate.

4. **Former Adjudication.** The right of the relator herein to a writ
of mandamus was adjudicated by the opinion and judgment
rendered on the former appeal of this case, and reported in *State
v. Farrington*, 80 Neb. 628.

APPEAL from the district court for Dawes county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Edwin D. Crites* and *J. E. Porter,* for appellants.

*S. L. Geisthardt, contra.*

ROOT, J.

John W. McDonald, the relator, applied to the district
court for Dawes county for a writ of mandamus com-
manding the respondents, the county commissioners and
the county clerk of said county, to include in their esti-
mate and levy of taxes an amount sufficient to pay re-
lator's claims against the county, together with interest
thereon, but not to exceed the aggregate amount limited
by law for such estimate and levy. A demurrer to the
application was sustained, and an appeal was prosecuted
to this court by the relator. February 6, 1908, the judg-
ment of the district court was reversed and the cause re-
manded, "with directions to issue the writ as prayed,"

*State v. Farrington,* 80 Neb. 628. In the district court, subsequent to said reversal, the relator submitted the mandate of this court, and the respondents introduced proof of the total valuation of real and personal property in said county in 1907, of the estimate of expenses made by the commissioners for the year 1908, and of the condition of the general fund of the county on June 1, 1908. Thereupon the court ascertained the amount due the relator from Dawes county, together with the interest thereon, and found that the respondents could levy a two-mill tax for the benefit of the relator in addition to a tax sufficient to pay the ordinary expenses of the county. The court then commanded the board to reconvene, revise its estimate for 1908 so as to include relator's claims, at the proper time to levy taxes as aforesaid, thereafter to issue for relator warrants to the amount of 85 per cent. of the two-mill levy, and further ordered that the individuals succeeding the respondents in office in each year following 1908 should take like steps until the relator's claims, with interest, should be paid. The respondents excepted to that part of the judgment directing the payment of interest, and the district court allowed a supersedeas to stay the part of the judgment excepted to. The respondents appeal.

1. The respondents argue that the court erred in directing them to revise the estimate made during their January, 1908, meeting. They admit such a revision would not make the levy void, but say they may be held personally liable for the two-mill levy. The opinion and judgment of this court directed the district court to enter the order in this respect. That opinion was filed February 6, 1908, no application was made by respondents for a rehearing or to modify the judgment or opinion, and the argument is presented too late for our consideration.

The respondents contend that our opinion conflicts with the opinion announced in *County of Custer v. Chicago, B. & Q. R. Co.,* 62 Neb. 657. The controlling facts

in the cited case and those in the case at bar are not the same. In *County of Custer v. Chicago, B. & Q. R. Co., supra*, the commissioners of Custer county had levied a tax of 9 mills for general purposes, the limit fixed by law. Comp. St. 1895, ch. 77, art. I, sec. 77. The county had failed to pay certain claims allowed against its general fund in preceding years, and the county attorney, under the direction of its commissioners, had on behalf of the county confessed judgments in favor of the unpaid claimants. In addition to said nine-mill levy, the county commissioners levied a tax of 4½ mills to create a judgment fund to pay these judgments. In a suit brought to recover back taxes paid under protest, it was held that said judgments were void, that the claims upon which the judgments were based were charges against the general fund and could not be made the basis for a special levy which would in effect increase the levy for general purposes to more than 9 mills on the dollar. No such question was involved in the former appeal or is apparent upon the present appeal of the instant case. It did not appear from the petition, nor does the record before us disclose, that the respondents were requested, or have been directed, to levy a tax for the purpose of satisfying the claims involved herein, in addition to 9 mills on the dollar for general purposes. The relator's claims should have been included within the estimate and levy for general purposes, in so far as such action might be taken without seriously interfering with the revenue necessary for the payment of the county's current expenses. No more was sought by the relator. No more has been granted, so far as we are advised, by the direction of this court or the judgment of the district court. So long as the aggregate of the levies for general purposes and for the payment of the relator's claims do not exceed 9 mills on the dollar, it is immaterial that the amount to be paid the relator is expressed by a two-mill levy.

2. Counsel has presented an instructive argument at the bar and in his brief in support of his contention that

the relator is not entitled to a writ of mandamus because his claims have not been reduced to judgment, and that the county is not liable for interest upon the claims allowed by the county commissioners, but not represented by valid and registered warrants. These questions were directly involved in the former appeal and determined against the respondents. It is suggested that at the former hearing the question of interest was not argued at the bar or in the briefs by counsel for the relator. The question, however, was presented in the relator's application for a writ. The opinion filed specifically holds that the relator is entitled to interest, the mandate directs the district court to issue a writ according to the prayer of the relator's petition, and he specifically prays for interest. The respondents evidently were satisfied with the opinion, the judgment and the mandate, because they did not ask for a rehearing, nor for a modification of the opinion, judgment or mandate. Counsel for relator contends that the relator's right to a writ commanding the respondents and their successors in office to provide funds for the payment of his claims, with interest, has been adjudicated and forever set at rest, whereas the respondents' counsel asserts that the district court erred in following the mandate of this court, that we should re-examine the questions involved in the disposition of the former appeal of the case, and correct manifest error committed therein. The law as announced in an earlier appeal of a case to this court has generally been respected and adhered to by us in subsequent proceedings in that litigation, although we have not refused to correct a palpable error where the cause was remanded generally, or the issue was or the facts were different on the subsequent hearing from those presented at the time the first appeal was determined, but we have never changed position upon a second appeal where the cause has been remanded with directions. The correct rule is announced in the opinion of Mr. Commissioner IRVINE in *City of Hastings v. Foxworthy,* 45 Neb. 676; that is to say, if a judgment of a

lower court is reversed and the cause is remanded gen-
erally, the appellate court, upon a second appeal, may
re-examine the law and correct an error committed in the
first opinion; but, if the cause was first remanded with
directions to the inferior court to enter a specific judg-
ment, that court has no discretion, but must obey the
mandate. Otherwise the *nisi prius* court would exercise
appellate jurisdiction in reversing and correcting the
judgment of the supreme court. The superior court,
having at a preceding term settled and adjudicated a right
claimed and demanded by a litigant, is without power at
a subsequent term to vacate and modify its judgment for
the sole reason that it fell into error in announcing the
law and directing a judgment conformable thereto. The
erroneous decision may be overruled and disregarded in
subsequent litigation between other parties, but between
parties to the suit and their privies it is the law and meas-
ures their rights and duties.

When the district court for Dawes county received the
mandate of this court commanding specific action, it
could not lawfully refuse to award a writ in favor of the
relator. To that extent its discretion was at an end.
*State v. Dickinson,* 63 Neb. 869; *Washington Bridge Co.
v. Stewart,* 3 How. (U. S.) 413; *West v. Brashear,* 14
Pet. (U. S.) *51; *Groves v. Sentell,* 66 Fed. 179, 13 C. C.
A. 386; *Fortenberry v. Frazier,* 5 Ark. 200; *Smalley v.
Miller,* 71 Ia. 90; *Tourville v. Wabash R. Co.,* 148 Mo.
614; *Piper v. Sawyer,* 78 Minn. 221; *Patten Paper Co. v.
Green Bay & Mississippi Canal Co.,* 93 Wis. 283; *Reming-
ton v. Eastern R. Co.,* 109 Wis. 154. We conclude, there-
fore, that not only was the district court compelled to
issue a writ, but that we ought not to re-examine and
review the law applicable to the questions involved in the
former appeal and necessarily determined by our opinion
and judgment.

3. Counsel argue that the district court did not have
authority to control the discretion of the respondents in

45

levying taxes, because they have the unquestioned right to levy taxes and expend the revenue arising therefrom to the extent of 15 mills on the dollar valuation for current expenses of the county, and for the construction and repair of roads and bridges. We are referred to *Young v. Lane*, 43 Neb. 812, and *State v. Sheldon*, 53 Neb. 365. While the cited authorities were not mentioned in the briefs filed in the former appeal of this case, nor the point mentioned in the opinion, the principle was necessarily involved in the judgment, and can no more be relitigated upon this second appeal than can the other questions above referred to. *Groves v. Sentell, supra.* There is also a substantial difference between the facts in the cited cases and those involved in the case at bar. In *State v. Sheldon, supra,* the annual levy had been made before the commissioners were requested to provide revenue to pay the relator's judgment, and in *Young v. Lane, supra,* it was held that the statute authorizing county authorities to levy a tax for the soldier's relief fund was permissive, and not mandatory. Application was not made to the court for a writ until subsequent to the annual levy. Those cases were not intended to, and did not, overrule *Wessell v. Weir*, 33 Neb. 35, wherein we issued a writ commanding the county commissioners of Saline county to include in their estimate, and make provision in their annual levy to pay for, certain claims allowed against the county general fund. The same principle was applied to a school district in *State v. Gardner*, 79 Neb. 101.

It may fairly be said that the courts will intervene to do justice between an honest creditor of a county, whose claims have been allowed, and the county as represented by its commissioners, and will compel those representatives to do something in reason to provide payment for at least a part of such claims from the resources of the county. The opinion rendered on the former appeal permitted the district court to exercise a sound discretion in determining the part of the annual revenue that might

be applied upon the relator's claims without unnecessarily hampering the county officers in discharging their duties to the public. The court, therefore, has acted in accordance with the law, as well as in conformity with the direction of this court.

The question of the sufficiency of the evidence to support the exercise of the discretion entrusted to the district court by our mandate is not before us, for the reason that a motion for a new trial was not filed in the district court. A mandamus proceeding is an action at law. *State v. Lancaster County*, 13 Neb. 223; *State v. Affholder*, 44 Neb. 497. A motion for a new trial was therefore necessary to entitle the respondents to question in this court the sufficiency of the evidence below to sustain the one question of fact above referred to. *Hake v. Woolner*, 55 Neb. 471; *Wollam v. Brandt & Shipman*, 56 Neb. 527.

Upon a consideration of the entire record, we find no reversible error, and the judgment of the district court is therefore

AFFIRMED.