## ABRAHAM v. LEVY.

(Circuit Court of Appeals, Fifth Circuit. January 28, 1896.)

### No. 441.

1. PLEADING—AMBIGUOUSNESS—MISSISSIPPI STATUTE.
   Under section 671 of the Annotated Code of Mississippi, providing that "the declaration shall contain a statement of the facts * * * in ordinary and concise language, * * * and it shall not be an objection to maintaining any action that the form thereof should have been different," a declaration is not demurrable, as ambiguous, which states, in substance, a cause of action for money paid for the defendant at his request, with a history of the circumstances, though references are made therein to notes given and to an account rendered.

2. PRACTICE ON APPEAL—REVIEW OF RULINGS—JURY WAIVED.
   Where a case has been tried by the court without a jury, but no stipulation under Rev. St. § 649, appears in the record on appeal, the appellate court has no authority to review the rulings of the court on the trial as to the exclusion and admission of evidence or on propositions of law.

3. PRACTICE—TAKING CASE UNDER ADVISEMENT.
   An order made by the court, after hearing a case without a jury, taking such case under advisement, does not work a discontinuance of the suit, though a provision is added that the case is to be decided in vacation.

4. SAME—ENTERING JUDGMENT.
   After hearing a case without a jury, the court took it under advisement, and, during vacation, entered judgment. Afterwards, at the next term, the court vacated such judgment, as void because entered in vacation, and entered a new judgment to the same effect. *Held*, that the last judgment was regular and valid.

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

"Declaration.

"In the United States Circuit Court for the Eastern Division of the Northern District of Mississippi. To the October Term, 1894.

"J. H. Levy, Plaintiff, vs. S. Abraham, Defendant.

"The plaintiff, J. H. Levy, a citizen of the state of Louisiana, complains of S. Abraham, defendant, a citizen of the Eastern division of the Northern district of Mississippi, of a plea of trespass on the case upon promises, for that whereas heretofore, to wit, on the 7th day of December, 1891, the said S. Abraham was the indorser upon, and liable to pay, two certain promissory notes, dated Durant, Mississippi, February 28th, 1891,—one payable December 15th, 1891, for the sum of $2,674.77, the other dated at the same time and place, payable January 15th, 1892, for $2,694.63,—both payable to the Union National Bank at New Orleans, and payable in the city of New Orleans at their respective maturities, signed by L. Simon & Co., indorsed as aforesaid by S. Abraham, and which paper was then, on the 7th of December, 1891, held by said bank; and for the payment thereof, with interest after maturity, the said S. Abraham was bound, and, being so bound, he, the said S. Abraham, on said last-mentioned date, requested plaintiff to pay off and protect said paper for him, the said S. Abraham, and promise to pay to plaintiff on demand the amount so paid out by plaintiff in paying said notes, and any loss or expense that he, the said plaintiff, might sustain in the effort to collect said indebtedness, or any loss that he might sustain in consequence of taking up said loan and the steps necessary to reimburse himself. Plaintiff now avers that, upon such request of defendant, plaintiff, on the 18th of December, 1891, paid to the Union National Bank, on account of the note maturing 15th of December, 1891, the sum of $2,674.77, and on the 18th of January, 1892, at defendant's said request, plaintiff paid the other notes, maturing the 15th of January, 1892, to the Union National Bank, the sum of $2,694.63; that in order to collect the indebtedness represented by said notes from the said L. Simon & Co., and thus protect the defendants, he brought suit against L. Simon & Co., and prosecuted the suit with due diligence, and received and collected from such suits on said indebtedness, on the 21st of February, 1894, $330.84, and no other sum; that L. Simon & Co. are insolvent, and no more can be made from them upon said judgments. Plaintiff further avers that defendant was to pay 8 per cent. per annum interest upon the amount thus expended and paid out by plaintiffs from the date of such payments until the defendant should reimburse him; and so it is that, under and pursuant to said request and promise made by defendant to plaintiff, he has paid out the aforesaid sums, and on the 21st day of February, 1894, rendered a statement to defendant, which is hereto attached, marked 'Exhibit A,' exhibiting a balance then at that time due by defendant to plaintiff of $5,966.21. The same consisting of the amounts paid to said bank, and interest thereon from dates of payment, calculated to March 1st, 1894, less the credit, $330.84, proceeds of collection on the judgment against L. Simon & Co., plaintiff stated and represented said account, exhibiting such balance due, and demanded payment thereof from defendant; but the said defendant, though admitting the indebtedness thus due by his express contract, and promising to pay the same, has not paid said sum, or any part thereof, but wholly fails and refuses so to do; and thus it is that plaintiff has now incurred the other and further loss and expense of an attorney's fee of 10 per cent. upon the amounts due, such attorney's fee being $596.62, in order to collect said balance from the defendant by bringing this suit. Plaintiff therefore demands judgment against said defendant for the balance thus due him, and said attorney's fee, with interest and costs of suit. Said notes, or copies thereof, are hereto attached, marked Exhibits 'B' and 'C,' and a copy of said promise and request is marked 'Exhibit D,' and each and all thereof made parts of this declaration. Plaintiff demands a trial and judgment at first term.

"July 21st, 1894.                    W. V. Sullivan, Plaintiff's Atty."

"Exhibit D.

"Kosciusko, Miss., Dec. 7, 1891.

"Mr. J. H. Levy, New Orleans, La.—Dear Sir: I now confirm a request to be delivered to you in person through Mr. Mose Shlenker, as follows: That you protect the two notes made by L. Simon & Co. to Union National Bank, maturing December 15–18, 1891, and Jany. 15–18, 1892, for $2,674.77 and $2,-694.63, respectively, on which I am indorser; and I hereby waive protest and notice of protest on same, and ratify any action of yours in the payment of the two notes to the bank and in their collection, obligating and binding myself to be responsible to you, and to pay on demand any loss or expense that you may sustain in the premises.

"[Signed] S. Abraham."

"Demurrer to Declaration.

"The United States of America, Circuit Court, Northern District of Mississippi. October Term, 1894.

"J. H. Levy vs. S. Abraham. 273.

"And the said defendant, by his attorneys comes, and demurs to plaintiff's declaration in this cause, and prays judgment if he shall make any other or further answer thereto. And he assigns the following grounds of demurrer, to wit: (1) Because the said declaration sets out no specific legal grounds of action. (2) Because the declaration fails to state any cause of action in ordinary and concise language. (3) Because it does not appear from said declaration whether the plaintiff is suing upon promissory notes, or upon an account stated, or in assumpsit for money paid. (4) Because the defendant is impeded and hindered in his defense by the vague and indefinite character of the said declaration. (5) Because said declaration asks for eight per cent. interest upon a verbal contract. (6) Other good grounds of demurrer."

"Order Overruling Demurrer.

"J. H. Levy vs. S. Abraham. 273.

"Came the parties by attorneys, and thereupon came up to be heard, and was by the court heard, defendant's demurrer to the declaration in this cause; and, after hearing the same and due consideration thereof by the court, it is considered by the court that said demurrer be overruled."

"Plea.

"In the Circuit Court of the United States for the Eastern Division of the Northern District of Mississippi. October Term, A. D. 1894.

"J. H. Levy vs. S. Abraham. 273.

"And the said defendant, by his attorneys, comes, and defends the wrong and injury when, etc., and says that he did not undertake and promise in manner and form as the said plaintiff has above complained in his said declaration, and of this he puts himself upon the country.

"Sykes & Bristow,
"W. A. Haden,
"Attys."

"Defendant's Notice to Plaintiff.

"And the said defendant now gives notice that under the above plea, and on the trial of said cause, he intends to give in evidence the following: That at and before said plaintiff paid the amount of the two notes to the Union National Bank as alleged in his declaration, to wit, on or about December 5th, 1891, L. Simon & Co., the makers of these notes, paid to said plaintiff the sum of five thousand dollars in cash, for the express purpose and with the agreement and understanding that plaintiff would apply said sum of money so handed him to the payment of said notes, the note falling due December 15th, 1891, to be fully paid off out of said money by said plaintiff; and whatever was lacking to pay off said note maturing January 15th, 1892, was to be furnished by plaintiff under the agreement made by and between

him and said L. Simon & Co., at said time. It being further agreed and understood between plaintiff and said L. Simon & Co. that this defendant, S. Abraham, who is and was a mere accommodation indorser on said notes, should be fully protected and suffer no loss or inconvenience on account of same. And said defendant will further prove that at the time he made the writing Exhibit D, attached to plaintiff's declaration, he had no knowledge that the above sum of money had been paid to or deposited with the said plaintiff, as above set forth by the said L. Simon & Co., or that the agreement and understanding aforesaid for his protection in the premises had been made and entered into between said plaintiff and L. Simon & Co."

"Order Taking Cause under Advisement.

"J. H. Levy, Plaintiff, vs. S. Abraham, Defendant. 273.

"This cause having been tried and heard on a former day of this term of this court, the 5th inst., by the court, a jury being waived or dispensed with, by consent of parties, and the court, as yet not being fully advised in the matter, hereby orders and takes the same under advisement, to be decided in vacation as of the date of the trial as stated."

"Judgment Court, as of 5th April, 1895.

"In the United States Circuit Court for Eastern Division of Northern District of Mississippi. April Term, 1895.

"J. H. Levy, Plaintiff, vs. S. Abraham, Defendant. 273.

"This day came on this cause to be heard, and issue being joined, and a jury being waived, the court heard all the evidence and the argument of counsel pro and con, and, being satisfied in the premises, doth consider and so adjudge that the plaintiff, J. H. Levy, do have and recover of and from the defendant, S. Abraham, the sum of six thousand and eighty-three dollars and eighty cents, and all costs in this behalf expended, for which execution may issue. To which action of the court defendant then and there excepted, and was allowed sixty days in which to file his bill of exceptions.

"H. C. Niles, Judge."

And on the 8th day of October, 1895, a day of the regular October term, 1895, of said court, a judgment of said court was rendered in said cause, and entered on the minutes of said court, in the words and figures following, to wit:

"Judgment Court, at Oct. Term, '95.

"J. H. Levy vs. S. Abraham. 273.

"In this cause, it appearing to the court that at the last term of this court this cause was heard upon the pleading, proof, and argument of counsel by the court, a jury being waived, and all questions by consent being submitted to the judge, H. C. Niles, sole presiding for decision, and the issue being joined, and all proof heard and argument of counsel, the court took the cause under advisement; and the judge having filed on the 5th day of June, 1895, with the clerk of this court, a written opinion herein, and a judgment thereon having been improperly entered herein, on the ―― day of June, 1895, as of the 5th day of April, 1895, as appears of record on page 291 of the minutes of this court, said judgment is hereby set aside as invalid and void, and the court, being now fully advised, and both parties being in court, doth consider that the plaintiff, J. H. Levy, do have and recover of and from the said defendant, S. Abraham, the sum of $6,083.80, and all costs in this behalf expended, for which execution may issue."

F. O. Sykes, E. H. Bristow, and W. A. Haden, for plaintiff in error.
W. B. Sullivan and J. Weiner, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge (after stating the facts). The first assignment of error is that "the court erred in overruling the demurrer of the defendant to the plaintiff's declaration." The demurrer specifies six grounds. The first, third, and the last amount to no more than the proposition that the declaration does not state any cause of action; the second and fourth are to the effect that the defendant is impeded and hindered in his defense by the vague and indefinite character of the declaration; and the fifth objects to the prayer for interest.

Section 671 of the Annotated Code of Mississippi, relating to pleading and practice in the state courts, provides as follows:

"The declaration shall contain a statement of the facts constituting the cause of action in ordinary and concise language, without repetition, and if it contain sufficient matter of substance for the court to proceed upon the merits of the cause it shall be sufficient, and it shall not be an objection to maintaining any action that the form thereof should have been different."

This section governs the practice and pleading on the law side of the courts of the United States in the state of Mississippi.

A careful reading of the declaration leads us to the conclusion that it is in direct accord with the section of the practice act above quoted, except, perhaps, that the language is not as concise as it might have been.

The main argument in this court on this assignment of error is on the contention found in the fourth ground of the demurrer, which is that the defendant was impeded and hindered in his defense by the vague and indefinite character of the said declaration. We have given attention to the forcible argument at the bar and in the brief of counsel on this objection to the declaration, and we have no doubt from this argument that counsel really believed that the vague character of the declaration impeded the defense; but we fail to find the basis in the declaration itself. We fail to perceive in the declaration anything but a case where the plaintiff sues to recover money paid out by the plaintiff for the defendant on his request, with a history of the circumstances under which the request was made and the money paid.

The sixth ground of demurrer is that the declaration asks for 8 per cent. interest upon a verbal contract. As the contract sued on was in writing, we do not see any merit in this ground. Besides this, we may say that claiming more than the defendant is willing to admit is due, or more interest than the defendant admits, is no sufficient cause for demurrer.

The second to ninth assignments of error, inclusive, and the twelfth, relate entirely to rulings of the court on the trial as to the exclusion and admission of evidence, and on propositions of law arising on the merits. As the record shows that the case was tried in the court below before the judge, without the intervention of a jury, but does not show any stipulation in writing to that effect, as required by section 649, Rev. St. U. S., we have no authority to review the rulings covered by these assignments. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, and cases there cited and reviewed.

The tenth, eleventh, thirteenth, and fourteenth assignments of error

attack the judgment of the court below. First, it is said that the court erred in rendering any judgment in vacation; second, that the court erred in rendering any judgment at the October term, 1895; third, that the order taking the case under advisement at the April term of 1895 was a final discontinuance of the suit; and, fourth, that when the judgment of October 8. 1895, was entered, the cause was coram non judice. The trial judge held that the judgment rendered in vacation was void, and, at the term in October following, set it aside, and then proceeded to render a judgment the same as if at the trial term in April the order entered was one simply taking the case under advisement, treating all that was said with reference to rendering a judgment in vacation as surplusage, evidently going upon the proposition that he had the right to take the case under advisement; therefore the order to that effect was valid, but had no authority to decide the case in vacation, and therefore that part was wholly void. As to the contention that the order of the April term operated a discontinuance of the cause, it is to be noted that no such effect results from the language used, nor was contemplated by the judge making the same. If it was not a discontinuance of the cause, then it must be considered as an order simply taking the case under advisement, to be decided thereafter when the court should be ready and have power to act. Assuming that the judgment rendered in vacation was wholly void (although there is respectable authority supporting the proposition that, where, by consent of parties, such judgment is entered, it is valid. and that, where parties do not object at the time of the entry of such order, they are presumed to consent. See Black, Judgm. § 179), it seems to us clear that as the case was heard at the April term, but no judgment rendered at that term, because the judge took the same under advisement, thereafter, at the succeeding term, the judge had full jurisdiction to then give his opinion and render valid judgment. See Insurance Co. v. Francis, 52 Miss. 467; Moore v. Hoskins, 66 Miss. 496, 6 South. 500.

The judgment of the circuit court is affirmed.

