[Civil No. 946. Filed March 30, 1906.]

[85 Pac. 729.]

WILLIAM K. MEADE et al., Plaintiffs and Appellants, v. ELECTA SCRIBNER et al., Defendants and Appellees.

1. JUDGMENTS—TIME OF RENDITION—SUBSEQUENT TERM—REV. STATS. ARIZ. 1901, PAR. 1386, CONSTRUED.—Under paragraph 1386, *supra,* providing "If from any cause the court shall not be held at the time prescribed by law, or if the business before the court be not determined before the adjournment thereof, such business of whatsoever nature, remaining undetermined shall stand continued until the next succeeding term of the court without an order and without

X Ariz.—3

cost," if for any reason the court is not ready to pronounce its judgment in a cause tried, before the adjournment, it does not lose jurisdiction and may render its judgment at a subsequent term.

2. SAME—SAME—IN VACATION OUTSIDE OF DISTRICT—REV. STATS. ARIZ. 1901, PAR. 1442, CONSTRUED.—Although paragraph 1442, *supra*, provides that "A judgment may be entered in term time or vacation," nevertheless a judgment "rendered" in vacation outside the district is void and of no effect.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Thomas Armstrong, Jr., Temporary Judge.

The facts are stated in the opinion.

Thomas F. Wilson, and Kingan & Wright, for Appellants.

The rendition of the judgment out of term was void under paragraph 1442 of the Revised Statutes of 1901. 11 Ency. of Plead. & Prac., p. 813; *Puget Sound A. Co.* v. *Pierce County,* 1 Wash. Tr. 75; Black on Judgments, pars. 177, 180; Freeman on Judgments, 121; *Doss* v. *Waggoner,* 3 Tex. 515; *Wicks* v. *Ludwig,* 9 Cal. 173; *Smith* v. *Chechester,* 1 Cal. 409.

English & Miller, for Appellees.

The power to render a judgment, *nunc pro tunc,* after the expiration of a term, is as ample as that to enter such judgment or decree. *Mitchell* v. *Overman,* 103 U. S. 64, 65, 26 L. Ed. 370. By reason of the express stipulation for the entry of judgment after the expiration of the term, the rendition of judgment after the term and entered as of the term is not invalid. Black on Judgments, 180. That the judgment was *rendered* in another county is immaterial, as the judgment did not take effect until it was entered. *Herndon* v. *Hawkins,* 65 Mo. 265; *Walter* v. *Merced etc. Assoc.,* 126 Cal. 582, 59 Pac. 136; *Comstock Quicksilver Mining Co.* v. *Superior Court of Santa Cruz County,* 57 Cal. 625. See, also, Rev. Stats. Ariz., par. 1231.

CAMPBELL, J.—This cause was tried to the court without a jury on August 13, 1904. The court took the case under advisement, with leave to counsel to file written argu-

ments. The record here does not disclose the time within which these arguments were to be filed nor the date of the final submission of the case. On September 27, 1905, the judge filed with the clerk of the court his findings of fact, conclusions of law, and judgment, all being filed as of the December term, 1904. The following recitation appears in the judgment: "Done at Phœnix, this 27th day of December, 1905, as of the December, 1904, term of this court." It is admitted in argument that the judge did not render judgment in open court, but rendered his decision or judgment at Phœnix. Appellants contend that the judgment is void for the following reasons: 1. That the court lost jurisdiction of the cause when the term at which it was tried adjourned without judgment being rendered; and 2. That no judgment has been pronounced by the district court, the judgment having been rendered by the judge without the district, and not in open court. We will consider these points separately.

1. While there is authority for the proposition that a judgment may not be rendered at a term later than the one at which the case is tried, as of such later term, there is also very respectable authority to the contrary. *Abraham* v. *Levy,* 72 Fed. 124, 18 C. C. A. 469; *Tarpenning* v. *Cannon,* 28 Kan. 665; *Trulock* v. *Murty,* 72 Iowa, 510, 34 N. W. 307; *Reed* v. *Lane,* 96 Iowa, 454, 65 N. W. 380. Furthermore, we have a statute which we think disposes of the question. Paragraph 1386 of the Revised Statutes of 1901, provides: "If from any cause the court shall not be held at the time prescribed by law, or if the business before the court be not determined before the adjournment thereof, such business, of whatsoever nature, remaining undetermined shall stand continued until the next succeeding term of the court, without an order and without cost." Rendering judgments is certainly business of the court, and if, for any reason, the court is not ready to pronounce its judgment in a cause tried, before the adjournment of the term, we think by force of the statute quoted, it does not lose jurisdiction and may render its judgment at a subsequent term.

2. The record does not disclose that the court in which the case was tried was in session on the day the judgment bears date, the date it was pronounced. On the other hand, it is

admitted that the judge rendered the judgment in vacation, at Phœnix, Maricopa County, which we take judicial notice is without the district in which the case was tried. Mr. Black, in his work on judgments, says: "When the law provides for the holding of regular terms of a court, it is only during term time that the judges are vested with their full judicial character. Necessary rules and orders, ministerial acts, and some matters which go as of course, may fall within the powers of the court in vacation. But in general all judicial functions are suspended during that interval. Hence, unless under statutory authority, a judgment cannot be pronounced in vacation. The rendition of a judgment, in a court of record, is essentially a judicial act, and if performed when the court is not in session, that is, out of term, it is open to a fatal jurisdictional objection; the judgment is absolutely void, creates or affects no rights, and will be even disregarded on appeal." Black on Judgments, sec. 179. See, also, 11 Ency. of Plead. & Prac., p. 814. Counsel for appellees contend that by reason of paragraph 1442 of the Revised Statutes of 1901, which provides, "A judgment may be entered in term time or vacation," the judgment is valid, though rendered in vacation; but there is a clear distinction between rendering a judgment, which is purely a judicial act, and which can be performed by the court alone, and entering a judgment, which is ministerial, and is usually performed by the clerk. Black on Judgments, sec. 106; 18 Ency. of Plead. & Prac., p. 430.

We conclude that the judgment appealed from is void and of no effect. The cause is remanded to the district court for trial.

KENT, C. J., SLOAN, J., and NAVE J., concur.