### GOOD PINE LUMBER CO. v. DUKE.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1916. Rehearing Denied March 21, 1916.)

No. 2787.

1. APPEAL AND ERROR ⊂⇒671—REVIEW—STATUTORY PROVISIONS.

Rev. St. § 649 (Comp. St. 1913, § 1587), provides that issues of fact in civil cases in any Circuit Court may be tried without a jury whenever the parties file a stipulation in writing waiving a jury, and that the finding of the court upon the facts, shall have the same effect as a verdict. Section 700 (Comp. St. 1913, § 1668) provides that when an issue of fact is tried without a jury the rulings of the court in the progress of the trial, if excepted to and duly presented by a bill of exceptions, may be reviewed upon writ of error or appeal, and that when the finding is special the review may extend to a determination of the sufficiency of the facts found. *Held*, that where, in an action tried without a jury, there was no agreed statement of facts, or special finding of facts, in the record, but only a general finding embodied ·in the judgment, assigning no other reason than that the law and the evidence was in favor of plaintiff, only the rulings during the trial presented by a bill of exceptions could be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. ⊂⇒671.]

2. APPEAL AND ERROR ⊂⇒1051—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In a possessory action tried without a jury, the admission of an exhibit over the objection that it was an ex parte statement, not made in defendant's presence, and an attempt to prove· a parol sale of real estate, never reduced to writing, nor recorded, and was not an authenticated act purporting to be a sale, was not reversible error, where aliunde the exhibit a witness testified substantially to the same facts contained therein, and no exception was reserved· to his testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. ⊂⇒1051.]

In Error to the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Action by John K. Duke against the Good Pine Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. H. White, of Alexandria, La., for plaintiff in error.

George Wear, Jr., of Jena, La., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge. [1] This is a possessory action, brought in accordance with the laws and practice of the state of Louisiana. It was tried before the judge without a jury, the same having been waived in writing. The record shows no agreed statement of facts, no special finding of facts by the judge, but a general finding, embodied in the judgment rendered therein, assigning no other reason than that the law and the evidence was in favor of the plaintiff and against the defendant. In this state of the record, only the rulings of the court during the progress of the case, duly presented by a bill of exceptions, can be here reviewed. R. S. U. S. §§ 649, 700 (Comp. St. 1913, §§ 1587, 1668).

[2] While a mass of evidence, oral and documentary, is set forth in the transcript, only one bill of exceptions was taken, and that was to the admission of a certain exhibit, "Plaintiff A," on the ground that it was an ex parte statement purporting to be made up by one A. M. Duke out of the presence of the defendant, and because it was an attempt to prove a parol sale of real estate, never reduced to writing nor recorded, and for the further reason that the act was not an authentic act purporting to be a sale. Whereupon the judge overruled the objection, and limited the evidence to the effect, and not the admissibility, of the same. To this bill, by agreement of counsel and judge, the whole testimony of the plaintiff, John K. Duke, was to be attached and made part thereof, and in that testimony the witness, aliunde the exhibit, over the objection of defendant, testified substantially to the main facts contained therein, to wit, the purchase of plaintiff from Elisha Beck in 1876 of the land in controversy, but no exception was reserved.

As the trial was before the judge without a jury, we cannot hold that the ruling of the court complained of was reversible error. None of the assignments of error are well taken.

Judgment affirmed.