## FORD v. GRIMMETT.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1922.)

No. 3682.

1. **Appeal and error ⬳544(3), 614, 717—Correctness of judgment depends only on pleadings, in absence of bill of exceptions, agreed statement of facts, or findings of fact, and opinion and unauthenticated notes of evidence cannot be considered.**

In a case tried without a jury, where the record contains no bill of exceptions, agreed statement of facts, or findings of fact, there is nothing before the court, except the petition and answer, by which to test the correctness of the judgment, though the record does contain unauthenticated notes purporting to contain the evidence and an opinion of the District Judge.

2. **Courts ⬳352—Trials in federal court without jury regulated by federal statute.**

Though Act May 26, 1824, adopted for United States courts in Louisiana the practice of the courts of the state, the practice since 1865 as to trials by the court without a jury has been in accordance with Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668; Act March 3, 1865, § 4).

3. **Courts ⬳352—Trial by federal court without jury may be had under statute or independent of statute.**

Neither the Judiciary Act of 1789 nor Act March 3, 1865 (Rev. St. §§ 649, 700 [Comp. St. §§ 1587, 1668]), made applicable to District Court by Judicial Code, § 291 (Comp. St. § 1268), deprived litigants of the privilege of submitting cases to the court for determination without the intervention of a jury, and cases may be tried by the District Court without a jury under the statute or independent of the statute.

4. **Courts ⬳352—Stipulation essential to trial without jury under federal statute.**

Under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), a stipulation in writing is essential to secure a trial by the court without a jury, and where the record fails to disclose any waiver of a jury by stipulation in writing, the case must be considered as tried independent of the statute.

5. **Appeal and error ⬳849(2)—Findings not reviewable, when jury trial not waived in writing.**

Where a case is tried by the court without a jury without filing the waiver of a jury trial, essential under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), the court acts as an arbitrator, and its determination of issues of fact is conclusive on the parties.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Action by William L. Grimmett against John McWilliams Ford. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank J. Looney, J. M. Foster, and W. A. Wilkinson, all of Shreveport, La., for plaintiff in error.

J. S. Atkinson and J. M. Grimmet, both of Shreveport, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Judgment was entered for the defendant in error, who was plaintiff below, upon his petition to recover from plaintiff in error possession of a certain tract of land. The petition alleged title in defendant in error under a homestead entry and a patent from the United States. The plaintiff in error alleged in his answer that the land in dispute was included in the swamp and overflowed lands granted by the act of Congress of March 2, 1849 (9 Stat. 352), to the state of Louisiana, and claimed title by mesne conveyances from the state.

[1] The judgment recites that the parties waived a jury, and that the case was regularly tried by the court. The record does not contain a bill of exceptions, agreed statement of facts, or findings of fact. It does contain unauthenticated notes, which purport to contain the evidence submitted at the trial, and also an opinion of the District Judge. We have nothing before us, therefore, except the petition and the answer, by which to test the correctness of the judgment. Texas Ranger, etc., Co. v. Robinson (C. C. A.) 272 Fed. 453.

Error is assigned upon the refusal of the court to hold that the act of Congress vested title to the land in dispute in the state. By the Judiciary Act of 1789 (1 Stat. 73) the trial of issues of fact in common-law actions in District Courts was required to be by jury. By section 4 of the act of Congress of March 3, 1865, now sections 649 and 700 of the Revised Statutes (Comp. St. §§ 1587, 1668), it was provided that—

"Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury."

This later act, however, did not affect proceedings in District Courts until it was made applicable to them by section 291 of the Judicial Code (Comp. St. § 1268). Rogers v. United States, 141 U. S. 548, 12 Sup. Ct. 91, 35 L. Ed. 853; Campbell v. United States, 224 U. S. 99, 32 Sup. Ct. 398, 56 L. Ed. 684; Ex parte United States, 226 U. S. 420, 33 Sup. Ct. 170, 57 L. Ed. 281.

[2] The act of Congress of May 26, 1824, 4 Stat. 62, adopted for United States courts in Louisiana the practice of the courts of that state; but since 1865 the practice in federal courts sitting in that state, as to the trial of cases before the court without a jury, has been in accordance with sections 649 and 700 of the Revised Statutes. Mutual Insurance Co. v. Tweed, 7 Wall. 44, 19 L. Ed. 65; Flanders v.

Tweed, 9 Wall. 425, 19 L. Ed. 678; Generes v. Campbell, 11 Wall. 193, 20 L. Ed. 110; Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395.

[3, 4] Neither the Judiciary Act of 1789 nor the act of 1865 operated to deprive litigants of the privilege of submitting cases to District or Circuit Courts for determination without the intervention of a jury. Campbell v. United States, 224 U. S. 99, 32 Sup. Ct. 398, 56 L. Ed. 684; Kearney v. Case, supra. Since the enactment of the judicial Code in 1911, which abolished Circuit Courts and conferred their powers and duties upon District Courts, two methods of trial exist before a District Court without a jury. One is independent of statute, while the other is provided for by sections 649 and 700 of the Revised Statutes.

A stipulation in writing is essential to secure a trial under these statutory provisions. County of Madison v. Warren, 106 U. S. 622, 2 Sup. Ct. 86, 27 L. Ed. 311; Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Abraham v. Levy, 72 Fed. 124, 18 C. C. A. 469. Because of the failure of the record to disclose the waiver of a jury by stipulation in writing, it necessarily follows that this case is to be considered as not having been tried under sections 649 and 700, but by that other method which is independent of statute.

[5] In speaking of the mode of procedure which the parties must be presumed to have adopted, the Supreme Court said, in Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96:

"The finding of issues in fact by the court upon the evidence is altogether unknown to a common-law court, and cannot be recognized as a judicial act. Such questions are exclusively within the province of the jury; and if, by agreement of parties, the questions of fact in dispute are submitted for decision to the judge upon the evidence, he does not exercise judicial authority in deciding, but acts rather in the character of an arbitrator. And this court, therefore, cannot regard the facts so found as judicially determined in the court below, nor examine the questions of law, as if those facts had been conclusively determined by a jury or settled by the the admission of the parties. Nor can any exception be taken to an opinion of the court upon the admission or rejection of testimony, or upon any other question of law which may grow out of the evidence, unless a jury was actually impaneled, and the exception reserved while they were still at the bar. The statute which gives the exception in a trial at common law gives it only in such cases. And as this court cannot regard the facts found by the judge as having been judicially determined in the court below, there are no facts before us upon which questions of law may legally and judicially have arisen in the inferior court, and no questions, therefore, open to our revision as an appellate tribunal. Consequently, as the Circuit Court had jurisdiction of the subject-matter and the parties, and there is no question of law or fact open to our re-examination, its judgment must be presumed to be right, and on that ground only affirmed."

And in Campbell v. United States, supra:

"In this state of the statute law the trial to the District Court without a jury was in the nature of a submission to an arbitrator, a mode of trial not contemplated by law, and the court's determination of the issues of fact and of the questions of law supposed to arise upon its special finding was not a judicial determination, and therefore was not subject to re-examination in an appellate court. Campbell v. Boyreau, 21 How. 223; Rogers v. United States, 141 U. S. 548. It follows that the Circuit Court of Appeals was without power to consider the sufficiency of the facts found to support the judgment. The power of that court was limited to a consideration of such questions of

law as may have been presented by the record proper, independently of the special finding, such as whether the pleadings were sufficient to support the judgment."

In this case error is not assigned upon the sufficiency of the pleadings. Whether the judgment is correct depends upon the evidence which was before the District Judge, but which an appellate court is without authority to review or consider.

It is contended, as a matter of law, that the mere selection of the land in suit by the state vested title in it; that an approval of the state's selection by the Secretary of the Treasury of the United States was unnecessary, and that his refusal to give it would not prevent title from passing under the act of Congress. But this contention assumes a fact, which it was incumbent upon plaintiff in error to prove, namely, that the state selected the land in suit. We are of opinion that the determination of issues of fact by the District Judge is conclusive upon the parties, and that the record does not present any question of law which we are authorized to review.

It is not intended to be, and it is not, conceded that the assignments of error could be considered, if it had been made to appear that a jury had been waived by a stipulation in writing, and that the trial had proceeded under sections 649 and 700 of the Revised Statutes. See Suydam v. Williamson, 20 How. 427, 15 L. Ed. 978; United States v. U. S. Fidelity & Guaranty Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696; City of Key West v. Baer, 66 Fed. 440, 13 C. C. A. 572; Good Pine Lumber Co. v. Duke, 229 Fed. 714, 144 C. C. A. 124.

The judgment is affirmed.