## EWERT v. THOMPSON et al.

(Circuit Court of Appeals, Eighth Circuit. May 23, 1922.)

No. 5900.

1. **Appeal and error ⬉846(1)—Record in action tried to court held to present no question reviewable.**

Where, in an action at law tried to the court, a party made no request for findings of fact or declarations of law, and took no step which, if ruled upon and an exception taken,. would have presented a question for review he cannot raise any such question by filing exceptions or requests three months after the court has filed its findings and directed judgment.

2. **Appeal and error ⬉969—Trial ⬉388(1)—Discretionary rulings not reviewable.**

The making of special findings of fact in an action at law tried to the court is discretionary, and its action in making or refusing such findings or in refusing to amend findings made is not subject to exception or subsequent review in an appellate court.

3. **Appeal and error ⬉750(7)—Assignment of error insufficient; "assignment that facts found do not support judgment."**

An assignment of error in an action tried to the court, that "the court erred in entering judgment for defendants because the facts do not support the judgment," is not an assignment that the facts found do not support the judgment, within Rev. St. § 700ı (Comp. St. § 1668), which authorizes a review on that ground.

4. **Appeal and error ⬉242(5)—Objection to evidence not reviewable, in absence of ruling:**

Where exceptions to evidence were presented in briefs after close of the trial, as permitted by direction of the court, but no rulings were asked or made thereon, no question is presented for the appellate court.

5. **Judgment ⬉210, 272—In case under advisement may be rendered and entered at any time.**

Where a cause was submitted and taken under advisement, the court had jurisdiction to render its decision and enter judgment at whatever time it should reach a conclusion.

6. **Judgment ⬉293—Failure to enter at once merely clerical error, subject to correction.**

Where the court directed entry of judgment, failure to enter it is merely a clerical error, which may be corrected at any time.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action at law by Paul A. Ewert against A. Scott Thompson and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Paul A. Ewert, of Joplin, Mo. (George J. Grayston, of Joplin, Mo., on the brief), for plaintiff in error.

Leslie J. Lyons, of Kansas City, Mo. (A. Scott Thompson, of Miami, Okl., on the brief), for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. For convenience, the parties will be designated as in the trial court. The action was brought by the plaintiff, claiming to be the owner of a lead and zinc mining lease executed

February 19, 1916, by Grace Redeagle, a full-blooded Quapaw Indian, and 'known in the record as Grace Sacto Walker Dawes, against the defendants, to recover damages for slander of plaintiff's title to said lease, or, as is now claimed in the record, for injury to plaintiff's said title by acts done and words said by defendants concerning the same. The action was tried to the court, a jury being waived, as provided by section 649, R. S. U. S. (Comp. St. § 1587). The court found the issues in favor of the defendants and judgment was entered accordingly.

[1] The principal question for decision is as to whether the plaintiff at the trial saved any question reviewable on writ of error. This makes it necessary to examine the proceedings at the trial as they appear from the record. The trial commenced April 10, 1919. Evidence was introduced by the parties on the 10th, 11th, and 19th of said month. On the last-named date the cause was submitted to the court for decision on briefs. We infer that, as the testimony of the witness West was to be transcribed, the briefs were to be subsequently furnished; but no time was fixed within which the briefs should be furnished. This submission of the cause, however, was not final, as on July 1, 1919, the plaintiff introduced further testimony, and subsequently the case was finally argued and briefs left with the court. On July 15, 1920, the court made and filed its findings of fact and conclusions of law, and directed that judgment be entered in favor of defendants. This ended the trial of the cause; the entry of judgment being merely a formal matter, which the clerk could enter, because the court had directed it to be entered.

Prior to the filing of these findings the plaintiff had made no request for findings of fact, either general or special, nor for any declaration of law in his favor, nor had he taken any step which, if ruled upon by the trial court and an exception taken thereto, would have permitted this court to review the sufficiency of the evidence to support the findings or judgment. It would require a page of the Federal Reporter on which to cite the cases in the Supreme Court of the United States and in this court in support of the above statement. As this court has said, the cases referred to have been cited and the rule stated with tiresome reiteration. Section 649, supra, provides:

"The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Let us proceed. Although time is not material, provided the action taken was subsequent to the making and filing of the findings of fact, plaintiff on October 14, 1920, about three months after the filing of the findings of fact and conclusions of law, filed with the clerk of the court three instruments in writing entitled as follows: (1) Application to amend findings of fact and conclusions of law. (2) Exceptions to findings of fact and conclusions of law and requests for a modification thereof. (3) Declaration of law requested by the plaintiff. The rulings of the trial court upon the matters presented by these instruments are not reviewable by this court for the reasons: (1) They were made too late. (2) Whether the court shall make general or special findings is discretionary, and its action is not reviewable. (3) The in-

struments filed in legal effect constituted a motion for a new trial, the ruling upon which is not reviewable.

[2] The exception to a finding of fact made by the court cannot be the subject of a reversal under section 1011, R. S. U. S. (Comp. St. § 1672). With reference to the questions sought to be raised by these three instruments, we quote as follows from U. S. v. A., T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1, the opinion in which was written by the presiding judge of this court:

"(4) The making of special findings of facts in an action at law tried by the court on a waiver of a jury is discretionary with the trial court, and its action in making such findings, in refusing to make requested findings, or in refusing to amend findings made, is not subject to exception, or to a subsequent review in a federal appellate court. City of Key West v. Baer, 66 Fed. 440, 444, 13 C. C. A. 572; Berwind-White Coal Min. Co. v. Martin, 124 Fed. 313, 60 C. C. A. 27; Aetna Life Ins. Co. v. Board of County Commissioners of Hamilton County, 79 Fed. 575, 576, 25 C. C. A. 94.

"(5) Again, the trial ended in this case when, after full hearing and submission of the issues of fact and law on January 24, 1919, the court, after consideration, on January 28, 1919, filed its findings of fact and its conclusion that judgment must be entered for the defendant. After that filing it was too late to take exception to rulings of the court on the issues tried, and no requests for findings or for modifications of findings were made by the plaintiff until subsequent to the close of the trial. Such subsequent requests and rulings thereon are, like motions for new trials after verdicts and the rulings thereon, discretionary with the trial court, and are not subject to review in the federal appellate courts. Tyng v. Grinnell, Collector, 92 U. S. 467, 469, 23 L. Ed. 733; United States Fidelity & Guaranty Co. v. Board of Com'rs of Woodson County, Kan., 145 Fed. 144, 151, 76 C. C. A. 114, 121."

[3] A general exception to the entry of judgment, every lawyer knows, raises no question. By section 700, R. S. U. S. (Comp. St. § 1668), it is provided that, when the finding of the court is special, the review of this court may extend to the determination of the sufficiency of the facts found to support the judgment. Assignment of error No. 1 of the plaintiff reads as follows:

"The court erred in entering judgment for the defendants because the facts do not support the judgment."

This, of course, is not an assignment of error that the facts found do not support the judgment in accordance with the language of the statute; but, waiving its formality, the facts found do support the judgment as a mere inspection of the same will show. Finding of fact No. 4, without more, is equivalent to a general finding for the defendants, and supports the judgment.

[4] It is also provided by section 700, supra, that—

"The rulings of the court in the progress of the trial of the cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed," etc.

Let us now consider whether the assignments of error raise any ruling of the trial court made in the progress of the trial, which was excepted to at the time. To those who are familiar with the trial of causes in the District Court, either at law without a jury or in equity, know that it is the almost universal practice of the trial courts in such cases, if evidence is offered at a time when the court has not in its

opinion a full knowledge of the issues to be tried, to receive evidence offered, whether for the plaintiff or defendant, subject to the ruling of the court at the time of the final decision of the cause. There is no jury present in law cases that would hear the evidence, and in equity causes the trial judge would be better enabled in some cases to rule upon the admission of evidence after hearing the whole case. So there can be no fault to be found, we think, in the practice itself. Pursuant to this practice the trial judge in this case early in the trial of the cause made the following announcement to counsel:

"Now, it is understood, and this applies, not only to the oral evidence, but also depositions, that as to everything except where a predicate is essential to be laid to make the evidence competent that objections may be made later in the briefs, and they will be considered as if they were made now, when the evidence is offered. They will be put in the bill of exceptions in that manner; and everything that is not raised in the briefs to the evidence as objectionable will be considered as waived."

Assignment of error No. 12 reads as follows:

"The court erred in not passing at all upon the plaintiff's objections to the introduction of incompetent, irrelevant, and immaterial evidence occurring during the course of the trial, which exceptions were saved by the plaintiff during the course of the trial and in the manner as required by the court, said objections being set forth on pages 276 to 278, inclusive, of the transcript of the record in this case."

Turning to pages 276–278 of the record, certain objections and exceptions under three different headings are found; these objections and exceptions being presented October 14, 1920, pursuant to the announcement of the court above stated. The headings above referred to are as follows:

(1) "Plaintiff's objections to the rulings of the court on the testimony offered by plaintiff's and defendants' witnesses." (2) "No merit in objections made by defendants to the introduction in evidence by Plaintiff's Exhibits A, B, C, and G." (3) "There is no merit in the objection of counsel to the introduction in evidence of Exhibits D, E, and F, and their reception in evidence, even if immaterial, would not be reversible error."

So far as No. 2 and No. 3 are concerned, they present nothing to be reviewed by us on plaintiff's writ of error, and the defendants make no complaint. So far as No. 1 is concerned, it appears that the trial court did not rule upon any of the exceptions taken such as they were. It does not appear, however, that the plaintiff ever asked or requested the trial court to rule upon these exceptions when they were presented, and no doubt the court neglected to rule upon the same through inadvertence. There is therefore no ruling of the court which can be reviewed. We are asked to reverse the judgment below and grant a new trial, because the trial court failed to rule on these objections and some that appear at large in the record not ruled upon. There is no doubt a way to compel a judge to decide a question pending before him not involving discretion, but a reversal of a judgment for mere failure to act as distinguished from a willful refusal is not the remedy.

[5] It appears that judgment upon the findings of the court was not formally entered until October 30, 1920, although it was directed to be entered July 15, 1920. It is now claimed that the court at the

time last mentioned had no jurisdiction to enter said judgment. The date of the entry of the judgment was about 15 days after plaintiff had presented his request for the amended findings as above stated. No objection to the jurisdiction of the court at that time was made by plaintiff. He again appeared in open court when the formal judgment was entered and made no objection, and on the same date secured additional time in which to prepare a bill of exceptions, and no objection to the jurisdiction of the court was then mentioned. The first time the objection was raised was in the assignment of errors on this writ. If, however, it may be claimed that consent could not confer jurisdiction, we are of the opinion that, when the cause was submitted and the court took the decision thereof under advisement, the court had jurisdiction to render its decision and enter judgment at whatever time it should come to a conclusion. Abraham v. Levy, 72 Fed. 124, 18 C. C. A. 469; Insurance Co. v. Frances, 52 Miss. 467, 24 Am. Rep. 674; Moore v. Hoskins, 66 Miss. 496, 6 South. 500; Calaf v. Fernandez, 239 Fed. 795, 152 C. C. A. 581.

[6] If we are wrong in this position, we are of the opinion that, the court having directed judgment to be entered on July 15, 1920, when beyond question it had jurisdiction, the failure to enter same was a mere clerical error, which could be corrected at any time.

Finding no questions for review which were raised during the progress of the trial, as the statute provides, the judgment below must be affirmed; and it is so ordered.